■ DIANE CHIARAMONTE, Respondent, v JONATHAN BOXER, Defendant, and BOXER, GERST & MORSE et al., Appellants.—In an action to recover damages for legal malpractice, etc., the defendants Boxer, Gerst & Morse, DeSalvo, and Corsello appeal from so much of an order of the Supreme Court, Kings County (Golden, J.), dated November 27, 1984, as denied those branches of their separate motions which were to dismiss the first, second and fifth causes of action of the plaintiff's complaint insofar as those causes of action are asserted against them.

Order modified, on the law, by deleting the provision thereof which denied those branches of the appellants' separate motions which were to dismiss the fifth cause of action insofar as that cause of action is asserted against them and substituting therefor a provision granting those branches of the appellants' motions. As so modified, order affirmed insofar as appealed from, without costs or disbursements.

On this appeal, the appellants challenge the sufficiency of the first, second and fifth causes of action of the complaint. The first and second causes of action, which allege legal malpractice and fraud in violation of Judiciary Law § 487, respectively, state cognizable causes of action and are adequately pleaded *(see, Jered Contr. Corp. v New York City Tr. Auth.,* 22 NY2d 187; *Foley v D'Agostino,* 21 AD2d 60).

However, the fifth cause of action alleges only a hybrid claim of civil conspiracy. It is well settled that there is no independent tort of civil conspiracy recognized in this State *(Burns Jackson Miller Summit & Spitzer v Lindner,* 88 AD2d 50, *affd* 59 NY2d 314). Consequently, the fifth cause of action must be dismissed as against the appellants.

The parties' other contentions are without merit. Weinstein, J. P., Niehoff, Lawrence and Kooper, JJ., concur.