Socorro CRUZ; Maria Ramos; Colon Milagros; Arcadio Cruz; William Mercado; Felix Burgos; Erlinda Sampson; and Anna Alvarez, individually and on behalf of all persons similarly situated, Plaintiffs,

v.

ROBERT ABBEY, INC. and Local Union Number 3 of the International Brotherhood of Electrical Workers, Defendants.

Socorro CRUZ; Maria Ramos; Colon Milagros; Arcadio Cruz; William Mercado; Felix Burgos; Erlinda Sampson; and Anna Alvarez, individually and on behalf of all persons similarly situated, Plaintiffs,

v.

Martin ABBEY and John Doe Company, Defendants.

Nos. CV 89–4240 (ADS), CV 90–2010 (ADS).

United States District Court, E.D. New York.

June 15, 1991.

Hall & Sloan, New York City by Wendy E. Sloan, for plaintiffs.

Floyd S. Weil, New York City, for defendants Robert Abbey, Inc., Martin Abbey and John Doe Co.

Norman Rothfeld, New York City, for defendant Local Union No. 3.

## MEMORANDUM AND ORDER

SPATT, District Judge.

The complaints in these two actions—CV 89–4240 ("Action # 1") and CV 90–2010 ("Action # 2")—contain the same factual and legal allegations; only the identity of the defendants differ. The substance of the allegations in the complaint in CV 89–4240 was discussed at length by the Court in Memoranda and Orders of June 12, 1990 and September 22, 1990. The actions stem from employee lay-offs since February 4, 1989 at Robert Abbey, Inc., a Brooklyn manufacturer.

Presently submitted to the Court are several motions and cross-motions. They are as follows: (1) by defendants Martin Abbey and John Doe Company to dismiss the claims in Action # 2 pursuant to Fed. R.Civ.P. 12(b)(6); (2) by defendants Martin Abbey and John Doe Company for summary judgment dismissing the claims in Action # 2; (3) by plaintiffs for certification of a class action in both Action # 1 and Action # 2; (4) by plaintiffs to consolidate Action # 1 and Action # 2; and (5) to compel or protect certain discovery.

## I. MOTIONS BY MARTIN ABBEY AND JOHN DOE COMPANY TO DISMISS THE COMPLAINT IN ACTION # 2 FOR FAILURE TO STATE A CLAIM

### A. *The Governing Law*

■ The applicable standard of review on a motion to dismiss is that "the court should not dismiss the complaint pursuant to Rule 12(b)(6) unless it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief' " (*Goldman v. Belden*, 754 F.2d 1059, 1065 [2d Cir.1985] [quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 [1957]]; *see also Branum v. Clark*, 927 F.2d 698, 705 [2d Cir.1991]). In assessing the sufficiency of the Complaint, the Court must accept the allegations of the Complaint as true (*see Branum v. Clark, supra; Procter & Gamble Co. v. Big Apple Industrial Bldgs., Inc.*, 879 F.2d 10, 14 [2d Cir.1989], *cert. denied*, 493 U.S. 1022, 110 S.Ct. 723, 107 L.Ed.2d 743 [1990]), and must construe all reasonable inferences in favor of the plaintiff (*see Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 [1974]). A motion to dismiss is addressed solely to the face of the pleading, and "[t]he court's function . . . is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient" (*Goldman v. Belden, supra*, 754 F.2d at p. 1067).

■ The Court may not consider matters submitted outside the pleading at issue unless notice is given to all parties that the motion is being converted to a motion for summary judgment and the parties are afforded a reasonable opportunity to present additional pertinent material (*see Krijn v. Pogue Simone Real Estate Co.*, 896 F.2d 687, 689 [2d Cir.1990]; *see also Festa v. Local 3 Int'l Brotherhood of Elec. Workers*, 905 F.2d 35, 38 [2d Cir.1990] [this rule is mandatory]). No notice having been given to the parties that the Court would convert the defendants' motion into a motion for summary judgment, the Court declines to consider the affidavit of Martin Abbey as it relates to his "Cross Motion to Dismiss" (*cf. Maggette v. Dalsheim*, 709

F.2d 800, 802 [2d Cir.1983] ["a court is not obligated to treat a 12(c) motion as a motion for summary judgment"]).

### B. *The Complaint In Action # 2*

The complaint in Action # 2 alleges two causes of action against both Martin Abbey and John Doe Company: (1) that they violated the notification requirements of the Worker Adjustment and Retraining Act of 1988 ("WARN"), 29 U.S.C. § 2101, *et seq.*, in connection with a "plant closing" or "mass layoff" at Robert Abbey, Inc., as those terms are defined in the statute; and (2) that they breached the seniority provisions of the collective bargaining agreement in force and effect between Robert Abbey, Inc. and Local Union Number 3 of the International Brotherhood of Electrical Workers ("Local 3"), by failing to lay off workers in order of seniority.

The claims in Action # 2 are dependent on the alleged relationship between the defendants and Robert Abbey, Inc. In this regard, the complaint alleges as follows:

"9. ... Upon information and belief, [John Doe Company] is and has been at all times material hereto the alter ego, joint employer and successor employer, and successor to and assignee and agent of Robert Abbey, Inc.....

8.\* At all times mentioned herein or material hereto, defendant Martin Abbey was the Vice–President and an owner of Robert Abbey, Inc. and, upon information and belief, an owner of John Doe Company, and a controlling corporate officer or director or manager of each of them and exercised control of all aspects of management of both Robert Abbey, Inc. and John Doe Company, including, but not limited to, labor relations. Upon information and belief, Martin Abbey is, and has been at all times material hereto, the alter ego and joint employer of Robert Abbey, Inc. and of John Doe Company and the successor employer and the successor to and assignee and agent of Robert Abbey, Inc., and an employer within the meaning of 29 U.S.C. Section

(a)(1) and 29 U.S.C. Section 2102 of WARN."

### C. *Discussion*
#### (i) The WARN Claim Against Martin Abbey

The basic WARN requirement is as follows:

"An employer shall not order a plant closing or mass layoff until the end of a 60–day period after the employer serves written notice of such an order—

(1) to each representative of the affected employees as of the time of the notice or, if there is no such representative at that time, to each affected employee; and

(2) to the State dislocated worker unit ... and the chief elected official of the unit of local government within which such closing or layoff is to occur." (29 U.S.C. § 2102[a])

■ A review of the statute, its applicable regulations and its legislative history indicate that "employer" does not include individual persons.

29 U.S.C. § 2101(a)(1) defines "employer" as follows:

"(1) the term 'employer' means *any business enterprise* that employs—

(A) 100 or more employees, excluding part-time employees; or

(B) 100 or more employees who in the aggregate work at least 4,000 hours per week (exclusive of hours of overtime)[.]" (29 U.S.C. § 2101[a][1] [emphasis supplied])

WARN authorizes the Secretary of Labor (the "Secretary") to promulgate regulations necessary to carry out its provisions (*see* 29 U.S.C. § 2107[a]). In this regard, the Secretary has provided as follows:

"The term 'employer' includes non-profit organizations of the requisite size. Regular Federal, State, local and federally recognized Indian tribal governments are not covered. However, the term 'employer' includes public and quasi-public entities which engage in business (i.e., take part in a commercial or industrial

---

\* Apparently due to typographical error, these two allegations were not numbered sequentially.

enterprise, supply a service or good on a mercantile basis, or provide independent management of public assets, raising revenue and making desired investments), and which are separately organized from the regular government, which have their own governing bodies and which have independent authority to manage their personnel and assets." (20 C.F.R. § 639.3)

In addition, the Senate–House Conference Report which accompanied the WARN legislation stated as follows:

> " '*Employer*'. The Conference Agreement retains the Senate Amendment language that the term 'employer' means a business enterprise. *The Conferees intend that a 'business enterprise' be deemed synonymous with the terms company, firm or business*, and that it consist of one or more sites of employment under common ownership or control. For example, General Motors has dozens of automobile plants throughout the country. Each plant would be considered a site of employment, but as provided in the bill, there is only one 'employer'—General Motors." (House Conf. Rep. No. 100–576, 100th Cong., 2nd Sess., 1045, 1046 [reprinted in 5 U.S.Code Cong. & Admin.News [1988], 2078, 2079] [emphasis supplied] )

In the Court's view, the statute, regulations and legislative history indicate that Congress defined "employer" as a "business enterprise" and intended a "business enterprise" to mean a corporate entity—*i.e.* corporation, limited partnership, or partnership—not an individual. (*See Solberg v. Inline Corp.*, 740 F.Supp. 680, 685 [D.Minn.1990] [while recognizing "that WARN is a remedial statute and must be construed broadly," nonetheless held that "such a view does not counsel a court to disregard entirely the plain meaning of the words used by Congress"] ). The legislative history explicitly supports this view of the law (*see* House Conf.Rep. No. 100–576, *supra* ["[t]he Conferees intended that a 'business enterprise' be deemed synonymous with the terms company, firm or business"] ); the statute, by defining "employer" as "any business enterprise that

employs—100 or more employees," implicitly supports this view, since it is the rare individual who employs "100 or more employees" without resort to any type of corporate form. (*See also* Webster's Third International Dictionary [1976], p. 757 [defining "enterprise" as "a unit of economic organization or activity (as a factory, a farm, a mine); *esp:* a business organization: FIRM, COMPANY"] ). Since it is also clear that neither the statute, the regulations nor the legislative makes any reference to "persons," let alone to persons who are the "alter-ego" of a corporation, the Court finds that WARN does not apply to individual persons.

Accordingly, the motion by the defendant Martin Abbey to dismiss the WARN cause of action in Complaint # 2 is granted.

#### (ii) The WARN Claim Against John Doe Company

The WARN regulations provide that business entities related to an "employer" can themselves be considered an "employer" by reason of that relationship. Specifically, the Secretary has provided as follows:

> "(a) *Employer.*
>
> \* \* \* \* \* \*
>
> (2) Under existing legal rules, independent contractors and subsidiaries which are wholly or partially owned by a parent company are treated as separate employers or as part of the parent or contracting company depending upon the degree of their independence from the parent. Some of the factors to be considered in making this determination are (i) common ownership, (ii) common directors and/or officers, (iii) de facto exercise of control, (iv) unity of personnel policies emanating from a common source, and (v) the dependency of operations." (20 C.F.R. § 639.3)

Given the allegations in the complaint, which the Court must assume to be true, the Court cannot say that the plaintiffs have failed to state a WARN cause of action against defendant John Doe Company. Moreover, the Federal Rules of Civil Procedure permit a plaintiff to allege a

cause of action against a "John Doe" defendant (*cf. Sassi v. Breier,* 584 F.2d 234, 235 [7th Cir.1978] [naming "John Doe" defendants in the complaint permissible, but substituting in "named" defendant only relates back to time of filing of complaint if so doing satisfies Fed.R.Civ.P. 15[c]; *Varlack v. SWC Caribbean, Inc.,* 550 F.2d 171, 174 [3rd Cir.1977] [same]). Accordingly, the motion to dismiss the WARN cause of action alleged in the complaint in Action # 2 against John Doe Company is denied.

### (iii) The Collective Bargaining Agreement Claim Against Martin Abbey

■ The complaint in Action # 2 alleges that Martin Abbey breached the collective bargaining agreement in effect between Robert Abbey, Inc. and Local 3.

In order to state a § 185(a) claim against Martin Abbey, the complaint must allege that Martin Abbey was a signatory to the collective bargaining agreement; the allegation that Martin Abbey was the "alter ego" of Robert Abbey, Inc., itself a signatory to the collective bargaining agreement, is insufficient as a matter of law. (*See Loss v. Blankenship,* 673 F.2d 942, 946 [7th Cir.1982] [emphasis in original] ["courts construing the statute have held that § 301(a) does not provide the basis for an LMRA claim *against* a nonparty to the underlying collective bargaining agreement"]; *Ramsey v. Signal Delivery Service, Inc.,* 631 F.2d 1210, 1212 [5th Cir. 1980] [citing *Atkinson v. Sinclair Refining Co.,* 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462 [1962] ["The law is well settled that individual employees are not proper parties to a suit brought under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Rather, § 301 suits are confined to defendants who are signatories of the collective bargaining agreement under which they are brought"]; *Spielmann v. Anchor Motor Freight, Inc.,* 551 F.Supp. 817, 820 n. 2 [S.D.N.Y.1982] ["Individual employees cannot be made defendant parties to a cause of action for breach of contract under LMRA § 301"]; *compare Leddy v. Standard Drywall, Inc.,* 875 F.2d 383, 388 [2d Cir.1989] ["at least to the extent that a controlling corporate official

defrauds or conspires to defraud a benefit fund of required contributions, the official is individually liable under Section 502 of ERISA"]; *Lowen v. Tower Asset Management, Inc.,* 829 F.2d 1209, 1220 [2d Cir. 1987] [Court upheld ERISA claim brought against individual defendants/shareholders, holding that "parties who knowingly participate in fiduciary breaches may be liable under ERISA to the same extent as the fiduciaries"])

Since the complaint in Action # 2 fails to allege that Martin Abbey was a signatory to the collective bargaining agreement, the motion by defendant Martin Abbey to dismiss the § 185(a) claim against him is granted.

### (iv) The Collective Bargaining Agreement Claim Against John Doe Company

The Complaint in Action # 2 also alleges a cause of action under the collective bargaining agreement against John Doe Company. The allegations made in the complaint in Action # 2 are sufficient to sustain these claims under two theories of liability—that Robert Abbey, Inc. and John Doe Company are in fact a "single employer," or that Robert Abbey, Inc. and John Doe Company together constitute a "joint employer."

■ Distinct corporate entities constitute a "single employer" " 'where two nominally separate entities are actually part of a single integrated enterprise so that, for all purposes, there is in fact only a single "employer" ' " (*Clinton Ditch Co-op Co., Inc. v. N.L.R.B.,* 778 F.2d 132, 138–40 [2d Cir.1985] [quoting *N.L.R.B. v. Browning-Ferris Industries of Pennsylvania, Inc.,* 691 F.2d 1117, 1122 [3rd Cir.1982] ], *cert. denied,* 479 U.S. 814, 107 S.Ct. 67, 93 L.Ed.2d 25 [1986]). A "joint employer"— that is one who exercises "immediate control" over employees of both "joint" companies—can be bound by a collective bargaining agreement entered into by its co-employer, albeit after satisfying a high order of proof (*see Clinton Ditch Co-op Co., Inc. v. N.L.R.B., supra,* 778 F.2d at pp. 138–40 [listing seven factors]).

■ Given the plaintiffs' allegation that John Doe Company is "the alter ego, joint employer and successor employer" to Robert Abbey, Inc., the plaintiffs have stated a claim for relief against John Doe Company for breach of the collective bargaining agreement.

Accordingly, the motion to dismiss the breach of the collective bargaining agreement claim against John Doe Company in the complaint in Action #2 is denied.

## II. DEFENDANT JOHN DOE COMPANY'S MOTION FOR SUMMARY JUDGMENT

Defendant John Doe Company moves, in the alternative, for summary judgment dismissing the complaint in Action #2. Since the parties have not completed discovery, John Doe Company's motion is premature (*see Cable Science Corp. v. Rochdale Village, Inc.,* 920 F.2d 147, 152 [2d Cir.1990] ["summary judgment is generally disfavored when the party opposing the motion has not obtained discovery"]), and is therefore denied, without prejudice to renewal after the conclusion of all discovery.

## III. PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

■ Plaintiffs move in both actions for certification of the class of

"all persons who were, are or have been employees of [Robert] Abbey[, Inc.] who have experienced or who may reasonably be expected to experience termination, lay off or any other employment loss within the definition of Section 2(a)(6) of WARN, 29 U.S.C. Section 2101(a)(6), as a consequence of the plant closing or mass layoff by Abbey alleged herein." (Complaint, Action #1 [¶ 8] and complaint, Action #2 [¶ 9]).

Fed.R.Civ.P. 23 provides as follows:

(a) **Prerequisites to a Class Action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) **Class Actions Maintainable.** An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

As recently stated by then District Judge Walker:

"Rule 23 is to be given liberal rather than restrictive construction, and courts are to adopt a standard of flexibility in application in order to best serve the ends of justice and to promote judicial economy. Moreover, if an error is to be made with respect to class certification, it is to be 'in favor and not against the maintenance of a class action.'

When considering whether to certify a class, the court should take the allegations of the merits of the case, as set forth in the complaint, to be true. The party who seeks to utilize Rule 23 bears the burden of establishing that the requirements of that rule are satisfied." (*Sharif v. New York State Education Department*, 127 F.R.D. 84, 87 [S.D.N.Y.1989] [citations and quotations omitted])

The Court finds that the plaintiffs have satisfied the requirements of Rule 23 for class certification.

The proposed class, which, according to plaintiffs, is "at least 114 persons," is so numerous that joinder of all members is impracticable (Rule 23[a][1]), especially since the plaintiffs' limited economic resources makes it unlikely that separate actions would be brought if the plaintiffs' motion were denied (*see Armstead v. Pingree*, 629 F.Supp. 273, 279 [M.D.Fla.1986]). There are also common questions of law and fact to the class (Rule 23[a][2]), in that the application of WARN to Robert Abbey, Inc.'s and/or John Doe Company's termination of certain employees on certain dates governs all of the claims. In this regard, plaintiffs' claims are also typical (Rule 23[a][3]; *Irving Trust Co. v. Nationwide Leisure Corp.*, 93 F.R.D. 102, 106 [S.D.N.Y.1981] ["[t]his prerequisite is satisfied by a showing that the putative class representatives and putative class members have the same or similar grievances"]).

The Court does not view the *application* of the common legal issues in these actions to the plaintiff class—each of whom has already been laid off by Robert Abbey, Inc., and each of whom solely seeks compensatory damages and civil penalties under WARN—as making the plaintiffs' claims uncommon or atypical.** (*See Cullen v. Margiotta*, 811 F.2d 698, 733 [2d Cir.1987] [citations omitted] [Rule 23 "does not require that plaintiffs seek to redress a common wrong perpetrated against the class as a class. Rather, certification of a class under Rule 23 is usually warranted when individual wrongs are alleged to have been pursuant to a common plan"], *cert. denied*, 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 764 [1987])

Finally, given their experience in labor law and their conduct in pressing the plaintiffs' claims thus far, the representative parties and their counsel will fairly and adequately protect the interests of the class (Rule 23[a][4]; *see Gates v. Dalton*, 67 F.R.D. 621, 632 [E.D.N.Y.1975] ["the court is satisfied that the principal thrust of Gates' effort on behalf of his fellow [union] members is to establish the existence of a violation of the concept of union democracy and fair dealing embedded in federal law and to prevent its recurrence in Local 14–14B. His efforts have been substantial and continuing. There is no basis for presently concluding he is an inadequate representative of the class"]).

■ In addition, the plaintiffs have satisfied the requirements of both Rule 23(b)(1) and Rule 23(b)(3), namely: absent class certification, there is a risk of inconsistent adjudication (Rule 23[b][1][A]); adjudication of facts concerning lay-offs executed by Robert Abbey, Inc. will dispose of all of the classes' WARN claims (Rule 23[b][1][B]); and, since the legal question of WARN liability—and the necessary factual determinations of, *inter alia*, the date and size of the lay-offs—predominate both actions, a class action is the superior method for adjudicating the plaintiffs' claims (Rule 23[b][3]). (*See Finnan v. L.F. Rothschild & Co., Inc., supra*, 726 F.Supp. at p. 465 ["The WARN Act seems particularly amenable to class litigation. By its

---

** As plaintiffs point out, in the event that the facts indicate certain categories of plaintiffs, the Court can certify a subclass pursuant to Fed.

R.Civ.P. 23(c)(4) (*see Finnan v. L.F. Rothschild & Co., Inc.*, 726 F.Supp. 460, 465 [S.D.N.Y.1989]).

terms, WARN is applicable only in the context of employer action which affects a large number of employees"])

Accordingly, the plaintiffs' motion for class certification in both Actions #1 and #2 is granted. The Court recognizes that the purported definition of the class is subject to limitation or amendment, if necessary (*see Finnan v. L.F. Rothschild & Co., Inc., supra,* 726 F.Supp. at p. 466 [court found that the plaintiffs suggested an "overbroad time span" for class of WARN plaintiffs and modified accordingly]), on motion pursuant Fed.R.Civ.P. 23(c)(1).

## IV. PLAINTIFFS' MOTION TO CONSOLIDATE ACTIONS #1 AND #2

 The plaintiffs move pursuant to Fed.R.Civ.P. 42(a) to consolidate Action #1 and Action #2. As indicated in the discussion concerning the plaintiffs' motion for class certification, *supra,* these two actions contain common issues of law and fact. The two complaints both allege the same causes of action based on the same events, and they are distinguishable only by the identity of the defendants. Moreover, the claim against Local 3 for breach of its duty of fair representation is "inextricably interdependent" with the claims against Robert Abbey, Inc. and John Doe Company for breach of the collective bargaining agreement (*see DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 164–65, 103 S.Ct. 2281, 2290–91, 76 L.Ed.2d 476 [1983]). Clearly consolidation will economize *both* judicial resources and the resources of the parties (*see* Fed.R.Civ.P. 42[a] [the Court "may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay"]; *Johnson v. Celotex,* 899 F.2d 1281, 1285 [2d Cir.1990] [as long as there will be a fair and impartial trial, "[i]n the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation"], *cert. denied,* —— U.S. ——, 111 S.Ct. 297, 112 L.Ed.2d 250 [1990]; *see also* Guidelines For The Division Of Business Among District Judges, Eastern District of New York, Rule 50.3[a] ["A case is 'related' to another for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transaction or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge"]).

Finally, the Court discerns no prejudice inuring to the defendants, despite their opposition to this motion. (*See Firemen's Insurance Co. Of Newark, New Jersey v. Keating,* 753 F.Supp. 1137, 1141 [S.D.N.Y.1990] ["Defendants have made no showing that delay, confusion or prejudice would result from the requested consolidation, and to the extent such problems become manifest at a later date, if ever, they may be rectified by the Court at such time"])

Accordingly, the plaintiffs' motion to consolidate action CV 89–4240 (ADS) and action CV 90–2010 (ADS) is granted. Both cases will proceed under the docket number CV 89–4240 (ADS).

## V. THE PARTIES' DISCOVERY MOTIONS

Since both of these actions have been referred to United States Magistrate Judge Michael L. Orenstein to, *inter alia,* "hear and determine any dispute arising from discovery" (*see* Order, June 11, 1991 [Action #1]; Order, June 11, 1991 [Action #2]), the Court declines to adjudicate the parties' discovery motions. The Court's inaction in no way precludes renewal of these motions before Magistrate Judge Orenstein.

## VI. CONCLUSION

To summarize, Martin Abbey's motion to dismiss the complaint in Action #2 is granted. John Doe Company's motions to dismiss the complaint in Action #2 and for summary judgment dismissing the complaint in Action #2 are denied. The plaintiffs' motions for class certification of Actions #1 and #2 and for consolidation of Actions #1 and #2 are granted.

Finally, the Court declines to adjudicate the parties' discovery motions.

SO ORDERED.