**John M. LETTIS, Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE, NATIONAL ASSOCIATION OF LETTER CARRIERS, NALC BRANCH 6000, and Employees at the Williston Park Post Office so named—Peggy Eng—Postmaster, Fred Otto, Joe Celentano, Andy Kachianos, Don Daly, and Dominic A. Prestano, Defendants.**

**No. CV 95–737(ADS).**

United States District Court, E.D. New York.

Aug. 28, 1997.

Amrod And Ricci, Garden City, NY; John B. Amrod, of Counsel, for Plaintiff.

Zachary W. Carter, United States Attorney, Eastern District of New York, Brooklyn, NY by Michael J. Goldberger, Assistant U.S. Attorney, for Defendants U.S. Post Office of Williston Park, Tasula Williams, USPS Postal Inspector Nator QGMF, Peggy Eng, Fred Otto, Julia Dowling, John Serio, Joe Celentano, Debra Mullins, Pat Kosta, Bob Green, Mike Goodman, Andy Kachianos and Proposed Defendant U.S. Postal Service One Pierrepont Plaza.

Cohen, Weiss and Simon, New York City, Richard M. Seltzer, of Counsel, for Defendant NALC BR 6000 and Proposed Defendants National Association of Letter Carriers, Don Daly and Dominic A. Prestano.

### MEMORANDUM DECISION AND ORDER

SPATT, District Judge.

This action arises from the claims of the plaintiff, John M. Lettis ("Lettis" or the "plaintiff"), against the United States Post Office of Williston Park ("Williston Park Post Office") and numerous of its employees (collectively, the "Postal Service defendants") for the breach of the national collective bargaining agreement (the "CBA") between the United States Postal Service ("USPS") and the National Association of Letter Carriers ("NALC"), and against the National Association of Letter Carriers Branch 6000 ("Branch 6000") for the breach of its duty of fair representation, in violation of Section 301 of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185, based on the termination of the plaintiff's employment at the Williston Park Post Office, following an incident which occurred on November 16, 1993. Presently before the Court is the plaintiff's motions: (1) pursuant to Fed. R.Civ.P. 21 and 4(a), for leave to drop the Williston Park Post Office, USPS Postal Inspector Nator QGMF, Mike Goodman, Bob Green, Pat Kosta, Debra Mullins, John Serio, Julia Dowling, and Tasula Williams as defendants and to amend the summons accordingly; (2) pursuant to Fed.R.Civ.P. 20(a), 21, and 4(a), for leave to add NALC, USPS, Don Daly ("Daly") and Dominic A. Prestano ("Prestano") as defendants and to amend the summons accordingly; and (3) pursuant to Fed.R.Civ.P. 15(a) and (c), for leave to amend the complaint to assert a cause of action arising from the arbitration held on February 25, 1994 with regard to the plaintiff's suspension from the Williston Park Post Office (the "Suspension Arbitration").

### I. BACKGROUND

A. *Original pro se complaint*

The plaintiff, proceeding *pro se*, commenced this action on February 15, 1995. According to the original handwritten complaint, Lettis had been employed as a letter

carrier for twenty-six (26) years. Lettis is a former member of NALC and its affiliated labor organization, Branch 6000, for which he was a shop steward. On November 16, 1993, while working at the Williston Park Post Office, Lettis was allegedly assaulted by a fellow letter carrier, defendant Andrew Kachianos ("Kachianos"). It is alleged that Kachianos tripped Lettis and spit in his face. Marion Kang witnessed this assault. The plaintiff alleges that as he went to get the defendant, Joe Celentano ("Celentano"), he saw the defendant Bob Green ("Green") give Kachianos a bear hug. Shortly thereafter, the police were summoned to the scene.

As a result of this incident, Lettis alleges that his employment "was wrongfully terminated and [that he was] falsly [sic] accused of actions by USPS." Complaint ¶ 3. The original complaint denotes that this action is:

> for monetary damages seeking retribution for violations of the plaintiffs [sic] rights, secured by the Constitution of the U.S. and specifically, fraud, mental anguish, slander and perjury, in a [sic] arbitration trial on June 9 with U.S. Postal Service and NALC BR 6000 making a pre-arbitration deal, to give me back my job if I plead guilty.

*Id.* ¶ 1.

### B. *Proposed amended complaint*

On or about April 24, 1996, the plaintiff retained counsel and this present motion to amend the complaint ensued. The proposed amended complaint withdraws the action as to the following defendants: (1) Williston Park Post Office; (2) USPS Postal Inspector Nator QGMF; (3) Mike Goodman; (4) Bob Green; (5) Pat Kosta; (6) Debra Mullins; (7) John Serio; (8) Julia Dowling; and (9) Tasula Williams. However, the plaintiff proposes to add the following as defendants: (1) NALC; (2) USPS; (3) Daly; and (4) Prestano. In addition, the plaintiff seeks to add claims arising from the Suspension Arbitration.

The proposed amended complaint expands the scope of the plaintiff's allegations of misconduct by the defendants. After the incident with Kachianos, Lettis alleges that Celentano, his supervisor, ordered him to leave the post office and prevented him from speaking with the police.

Lettis further alleges that later the same day, Celentano and the defendant, Postmaster Peggy Eng ("Eng"), attempted to coerce him to make a statement outside the presence of a union delegate or shop steward, in contravention of his rights under the CBA and the law. Thereafter, Celentano and Eng directed Lettis to go home and not to return to the post office until further notification. Lettis was also directed by Prestano, vice-president of Branch 6000, to remain at home and not to return to work the following day.

On November 17, 1993, Lettis was advised by Prestano not to report to work until further notification. On November 18, 1993, Lettis received a formal notice of suspension from the USPS, advising him that he was placed in an off-duty, without pay status effective November 16, 1993 at 1405 hours. The letter of suspension gave the following sole reason for its action:

> On November 16, 1993 you and letter Carrier Kachianos were involved in an altercation on the workroom floor. In that you may be injurious to yourself or other employees, to retain you in an active duty status would not be in the best interest of the Postal Service.

Branch 6000, for itself and as an agent for NALC, filed a grievance on behalf of Lettis, objecting to his suspension. Branch 6000 appointed defendant Don Daly ("Daly"), a shop steward, to represent Lettis in Step 1 of the grievance procedure and Daly and/or Prestano to represent him in Step 2 of the grievance procedure.

The proposed amended complaint asserts numerous claims regarding his representation at these grievance procedures. In particular, Lettis alleges that Prestano (1) failed to conduct a thorough and proper investigation of the incident, as plaintiff had requested; (2) failed to locate a certain truck driver who was in the Post Office when the altercation occurred and who witnessed some or all of the incident; and (3) accepted Kachianos' version of the incident despite the version related by Marion Kang ("Kang") who wit-

nessed the incident and who maintained that Lettis was the victim, not the aggressor.

In addition, Lettis contends that NALC and Branch 6000, through its agent Prestano, failed to introduce relevant witnesses and supporting evidence. Lettis further asserts that NALC and Branch 6000 breached their duty of fair representation by the perfunctory conduct of its representatives in the various steps of the grievance procedure and by assigning Daly, who was simultaneously handling Kachianos' grievance, to represent plaintiff in Steps 1 and 2 of the grievance procedure. Lettis maintains that this demonstrates a clear conflict of interest by Daly. As a result of this alleged perfunctory representation by NALC and Branch 6000, Lettis' suspension was upheld by the arbitrator.

On or about March 28, 1994, Lettis received a Notice of Removal (the "Notice") advising him of his discharge from USPS, effective May 2, 1994. The Notice listed the following three charges: (1) verbal threat of a fellow postal employee; (2) creating a hostile work environment; and (3) conduct unbecoming a postal employee. This prompted Branch 6000 to file a second grievance objecting to Lettis' discharge.

Lettis alleges that NALC, Branch 6000 and Prestano persisted in refusing to believe Lettis' version of the incident, accepting Kachianos' version instead. With regard to the discharge grievance procedures, Lettis alleges that Branch 6000 and NALC breached their duty of fair representation by: (1) assigning Daly to represent him when Daly had previously represented Kachianos in a grievance; (2) the perfunctory conduct of its representatives in the various steps of the grievance procedure; (3) failing to supply Lettis with an attorney; and (4) failing to raise certain defenses, including double jeopardy, laches, denial of due process, and delay.

Prior to the incident of November 16, 1993, Celentano allegedly engaged in conduct calculated to induce a disturbance between Lettis and Kachianos, by falsely stating to Kachianos that Lettis had complained to Eng that Kachianos had been violating work rules, in particular, the rule prohibiting "working off the clock." Eng, Prestano, Celentano and Otto allegedly conspired to allow or create an incident resulting in Lettis' discharge. Eng allegedly failed in her duties as Postmaster by permitting the work environment to become hostile and undisciplined. For example, Eng allegedly permitted the drinking of alcohol at the post office on a daily basis. Otto allegedly made defamatory remarks about the plaintiff and incited Kachianos into assaulting Lettis.

Subsequent to Lettis' discharge, NALC, Branch 6000 and Prestano allegedly failed to assist Lettis in obtaining unemployment benefits and impeded Lettis from obtaining other employment by giving negative references to prospective employers.

## II. DISCUSSION

### A. *Dismissal of defendants*

The plaintiff seeks to withdraw the action as to the following defendants: (1) Williston Park Post Office, United States Postal Inspector Nator QGMF, Mike Goodman, Bob Green, Pat Kosta, Debra Mullins, John Serio, Julia Dowling and Tasula Williams.

Fed.R.Civ.P. 21 ("Rule 21") states in pertinent part as follows:

... Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

On February 15, 1995, proceeding *pro se,* the plaintiff filed a complaint. In the original complaint, the plaintiff named as party defendants numerous people against whom he believed valid claims existed. Having retained counsel and conducted certain discovery, the plaintiff has subsequently learned that "no viable claims exist against certain defendants and that there is no legitimate purpose in continuing to prosecute this action as against those parties." *See* Plaintiff's Memorandum Of Law In Support Of Motion ("Memo in Support") at 3. In light of the plaintiff's realization, without objection, the Court grants the plaintiff's motion to withdraw the action as to the designated defendants, pursuant to Rule 21. Accordingly, the following defendants are dismissed from the

present action: the United States Post Office—Williston Park, United States Postal Inspector Nator QGMF, Mike Goodman, Bob Green, Pat Kosta, Debra Mullins, John Serio, Julia Dowling and Tasula Williams.

### B. *Additional parties and claims*

■ Motions to amend a complaint are governed by Fed.R.Civ.P. 15(a) which states, in pertinent part, as follows:

> (a) **Amendments.** A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires....

"Only 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... [or] futility of the amendment' will serve to prevent an amendment prior to trial." *Mathon v. Marine Midland Bank, N.A.,* 875 F.Supp. 986, 1002 (E.D.N.Y. 1995) (quoting *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)); *see also Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir.1993) ("The rule in this circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."); *Health–Chem Corp. v. Baker,* 915 F.2d 805 (2d Cir.1990). The Second Circuit has opined that "it is rare that such leave [to amend] should be denied, especially when there has been no prior amendment." *Ricciuti v. New York City Transit Auth.,* 941 F.2d 119, 123 (2d Cir.1991) (citations omitted). The decision to grant to deny a motion to amend rests within the sound discretion of the district court. *Zahra v. Town of Southold,* 48 F.3d 674, 685 (2d Cir.1995).

Initially, the Court notes, and the parties agree, that the plaintiff's claims for breach of the duty of fair representation by his union and the corresponding breach of the collective bargaining agreement by his employer should be brought pursuant to the Postal Reorganization Act, 39 U.S.C. § 1208, rather than Section 301 of the LMRA, 29 U.S.C.

§ 185. 39 U.S.C. § 1208 is an analogue of 29 U.S.C. § 185, and provides in relevant part as follows:

> \* \* \* \* \* \*

> (b) Suits for violation of contracts between the Postal Service and a labor organization representing Postal Service employees, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy.

> (c) A labor organization and the Postal Service shall be bound by the authorized acts of their agents. Any labor organization may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of the United States....

39 U.S.C. § 1208(b) and (c). The Court may apply the body of law developed under 29 U.S.C. § 185 to the present case. *See American Postal Workers Union, AFL–CIO v. United States Postal Service,* 766 F.2d 715, 720 (2d Cir.1985), *cert. denied,* 475 U.S. 1046, 106 S.Ct. 1262, 89 L.Ed.2d 572 (1986); *National Ass'n of Letter Carriers, AFL–CIO v. Sombrotto,* 449 F.2d 915, 918–19 (2d Cir. 1971).

### (1) *Adding USPS and NALC*

■ Fed.R.Civ.P. 20(a) provides in relevant part as follows:

> ... All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all defendants will arise in the action.

The plaintiff maintains that "[u]nder FRCP 20(a), the plaintiff, but for his ignorance of the proper parties to be sued and the claims to be asserted, could have named ... [USPS and NALC] as party defendants at the time that this action commenced." Memo in Support at 4. USPS does not oppose the plaintiff's proposed amended complaint to the extent that it adds USPS as a defendant.

However, NALC opposes its addition as a defendant. It claims that the plaintiff has failed to satisfy the demands of Fed.R.Civ.P. 15(c), which requires that the party to be added "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." NALC contends that the plaintiff's omission of it as a defendant in the original complaint was not the result of a "mistake."

The arbitrator affirmed Lettis' discharge by an Award and Opinion dated August 23, 1994. *See* Memorandum of Defendant Branch 6000 and Proposed Defendants National Association of Letter Carriers, Don Daly and Dominic Prestano in Opposition to Plaintiff's Motion to Amend the Complaint ("Union Defendants' Memo in Opp."), Sirefman Award. Although any claim against NALC arising from the grievance procedure regarding Lettis' discharge would have been timely if brought in the original complaint, the request to add NALC as a defendant is made more than one year following the commencement of this action. Therefore, the plaintiff makes his request to add NALC as a defendant well after the applicable six-month statute of limitations period has expired. *See DelCostello v. International Bhd. Of Teamsters,* 462 U.S. 151, 169, 103 S.Ct. 2281, 2292–93, 76 L.Ed.2d 476 (1983) (duty of fair representation claims are subject to a strict six-month statute of limitations); *Cohen v. Flushing Hosp. and Med. Ctr.,* 68 F.3d 64, 67 (2d Cir.1995). The proposed amended complaint is timely with respect to NALC only if the amendment relates back to the date that the original complaint was filed. *See Soto v. Brooklyn Correctional Facility,* 80 F.3d 34, 35 (2d Cir.1996).

The issue of whether the amended complaint adding NALC as a defendant relates back to the original complaint is governed by Fed.R.Civ.P. 15(c) ("Rule 15(c)"), which states as follows:

(c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and within the period provided by Rule 4(m) [120 days] for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

A plaintiff's "mistake" in naming defendants within the context of Rule 15(c) is not limited to misnomer. *See Soto,* 80 F.3d at 36; *Jones v. New York State Div. Of Military and Naval Affairs,* No. 93–CV–0862, 1997 WL 266765, at *3 (N.D.N.Y. May 7, 1997). Rule 15(c)(3) was "expressly intended to preserve legitimate suits despite ... mistakes of law at the pleading stage." *Soto,* 80 F.3d at 36. The Second Circuit has held that an amended complaint adding a defendant relates back to the original complaint if the plaintiff is able to demonstrate a factual or legal mistake. *See Cornwell v. Robinson,* 23 F.3d 694 (2d Cir.1994). However, a plaintiff may not choose to omit known individual defendants and later seek to add them through amendment. *See Barrow v. Wethersfield Police Dep't,* 66 F.3d 466, 469 (2d Cir.1995), *modified,* 74 F.3d 1366 (1996) (citing *Cornwell v. Robinson,* 23 F.3d 694, 705 (2d Cir.1994)).

In *Soto, supra,* the *pro se* plaintiff, a pretrial detainee, brought a civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983"), for the violation of his constitutional rights, naming only the correctional facility as a defendant. To maintain a Section 1983 action arising from conduct that was not alleged to have been part of any institutional custom or policy, the plaintiff, however,

should have named the individual corrections officers. By the time the plaintiff moved to amend his complaint, the statute of limitations had run. Because the *pro se* plaintiff did not know that he was required to name the individual defendants to maintain the action, the Second Circuit characterized his failure to do so as a "mistake" for purposes of Rule 15(c)(3), and not a matter of choice. *Soto*, 80 F.3d at 37.

■ In the present case, the original complaint consists of an inartfully pled hybrid claim of breach of the duty of fair representation by the plaintiff's union and breach of the collective bargaining agreement by his employer. In order to assert such a claim, the defendants—the union and the employer—must be signatories to an effective collective bargaining agreement. See *Cruz v. Robert Abbey*, 778 F.Supp. 605, 610 (E.D.N.Y. 1991). USPS is the plaintiff's employer. USPS and NALC are parties to a nationwide collective bargaining agreement. *See* Union Defendants' Memo in Opp., Declaration of William R. Yates ("Yates Declaration") ¶ 3. This nationwide collective bargaining agreement was in effect at the time of the November 16, 1993 incident. *See* Union Defendants' Memo in Opp., Examination Before Trial of Dominic A. Prestano at 8. "Branch 6000 is affiliated with NALC and administers the collective bargaining agreement at the local level." Union Defendants' Memo in Opp., Yates Declaration ¶ 4. As such, to maintain a hybrid claim against the plaintiff's union and employer pursuant to 39 U.S.C. § 1208, the plaintiff should have named USPS and NALC, not Branch 6000, as defendants in the original complaint. Although the original complaint refers to the union as "NALC BR 6000", *see* Complaint ¶¶ 1, 7, C, as well as "BR 6000", *see id.* ¶¶ 9, D, and "NALC", *see id.* ¶ D and at 4, the Court finds that these references are most probably with regard to Branch 6000, which represented him during the grievance procedures.

The Court concludes that NALC was not consciously omitted from the original *pro se* complaint as part of a calculated strategy. Indeed, the Court finds that like the plaintiff in *Soto*, but for Lettis' mistake as to the technicalities of labor law, he would have named NALC in the original complaint. The Court finds that Lettis, originally proceeding *pro se*, did not know that he was required to name NALC as a defendant to maintain a cause of action for breach of the duty of fair representation. Therefore, the Court characterizes his failure to do so as a "mistake" for the purposes of Rule 15(c)(3).

NALC does not contest the issue of notice of the action or that the amendment naming it as a defendant would prejudice their defenses. Indeed, the plaintiff maintains that counsel for Branch 6000 "regularly represents the national union in fair representation suits brought by former postal employees against that union in this area." Plaintiff's Reply Memorandum of Law ("Plaintiff's Reply Memo") at 5–6. Therefore, the Court grants the plaintiff's motion to amend his complaint to add USPS and NALC as defendants.

### 2. *Individual defendants*

■ The union defendants object to the plaintiff's proposed amended complaint seeking to add Prestano and Daly as defendants. In addition, the Postal Service defendants object to the inclusion of Eng, Kachianos, Celentano and Otto as defendants in the amended complaint. None of these individuals named in the proposed amended complaint are signatories to the CBA.

39 U.S.C. § 1208(c) states in pertinent part as follows:

> ... Any money judgment against a labor organization in a district court of the United States shall be enforcible [sic] only against the organization as an entity and against its assets, and shall not be enforcible [sic] against any individual member or his assets.

In *Walton v. Marx*, 149 LRRM (BNA) 2311, 2313, 1994 WL 592705 (S.D.N.Y.1994), *aff'd*, 62 F.3d 1412 (2d Cir.1995), the *pro se* plaintiff filed a complaint alleging a hybrid breach of contract/fair representation claim. The plaintiff named, among others, the Director of Industrial Relations of the American Postal Workers Union and the Manager of Grievance Arbitration of the Postal Service, as defendants. *See id.* Relying on 39

U.S.C. § 1208, 29 U.S.C. § 185, and *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 247–49, 82 S.Ct. 1318, 1323–25, 8 L.Ed.2d 462 (1962), the court dismissed the plaintiff's claims for failure to name proper parties as defendants, namely, the union, as opposed to union officials. *Id.*

In addition, as noted above, 39 U.S.C. § 1208 is an analogue of Section 301 of the LMRA, 29 U.S.C. § 185. Hence, the Court may apply the body of case law developed under the LMRA. In *Cruz, supra*, this Court addressed the issue of whether a claim pursuant to the LMRA could be brought against an individual. *Cruz*, 778 F.Supp. at 610. Relying on well-established law, this Court held that in order to state such a claim, the plaintiff's complaint must allege that the individual defendant was a signatory to the collective bargaining agreement. *Id.; see also Madden v. International Ass'n of Heat & Frost Insulators and Asbestos Workers*, 889 F.Supp. 707, 711–13 (S.D.N.Y.1995); *Spielmann v. Anchor Motor Freight, Inc.*, 551 F.Supp. 817, 820 n. 2 (S.D.N.Y.1982) ("Individual employees cannot be made defendant parties to a cause of action for breach of contract under LMRA § 301.").

Applying *Walton, supra*, and *Cruz, supra*, to the present case, the plaintiff can not assert a claim for breach of the duty of fair representation against Daly and Prestano, individual union officers, or a claim for breach of the CBA against Eng, Celentano, Kachianos and Otto, employees of USPS. The Court finds that such claims are not legally cognizable and therefore, are futile.

### i. *The Postal Service defendants*

Pointing to language in his proposed amended complaint, the plaintiff contends that valid state claims exist against the individual defendants. The plaintiff maintains that the Court should exercise its supplemental jurisdiction over these related state claims. *See* Plaintiff's Reply Memo at 4.

■ The Court finds that the plaintiff's proposed amended complaint alleges claims of emotional distress and conspiracy. The plaintiff's claim of emotional distress are embodied in paragraphs 60(b) and (d) of the proposed amended complaint, which state as follows:

b. Plaintiff suffered great mental anguish and was continuously depressed, irritable and ill-tempered because of inactivity resulting from discharge;

\* \* \* \* \* \*

d. As a result of the financial problems created by plaintiff's lack of funds, frictions developed between plaintiff and plaintiff's spouse, destroying the harmonious relationship that previously had existed between them, causing plaintiff's wife to leave plaintiff and to take with her the parties' children depriving plaintiff of the companionship of his wife and children, and causing plaintiff's spouse to sue plaintiff for divorce, all which has caused the plaintiff great humiliation and distress.

However, the Court is unable to discern from the proposed amended complaint whether the plaintiff is alleging a claim of negligent or intentional infliction of emotional distress. The Court finds that this cause of action, as proposed, would not survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted.

■ With regard to the claim of conspiracy, the proposed amended complaint alleges that the

[d]efendants Eng, Prestano, Celentano and Frederick C. Otto (hereinafter "Otto") conspired to allow or create an incident to cause the plaintiff to be removed and falsely charged that the plaintiff had provoked the action of Kachianos.

See Proposed Amended Complaint ¶ 51. In addition, the plaintiff alleges as follows:

The aforesaid actions and inactions resulted from a collusive understanding between all of the individual defendants, the NALC and Branch 6000, on the one hand, and the Postal Service, on the other, of which plaintiff was then unaware, whereby the Postal Service was given a free hand with respect to discharge and discipline of its employees.

*See* Proposed Amended Complaint ¶ 59. Under New York state law, a cognizable independent civil claim for "conspiracy" does not exist. *Chiaramonte v. Boxer*, 122 A.D.2d 13, 504 N.Y.S.2d 182 (2d Dep't 1986); *Burns*

*Jackson Miller Summit & Spitzer v. Lindner*, 88 A.D.2d 50, 452 N.Y.S.2d 80 (2d Dep't 1982), *aff'd*, 59 N.Y.2d 314, 451 N.E.2d 459, 464 N.Y.S.2d 712 (1983). The plaintiff maintains that the "plaintiff Lettis's proposed complaint alleges something more than the tort of civil conspiracy." *See* Plaintiff's Reply Memo at 4. The Court can only speculate as to what cause of action the plaintiff is attempting to state with such conclusory allegations. The plaintiff has provided no other information from which the defendants, or the Court, can glean a potential cause of action with regard to the individual defendants. The Court is mindful, however, of the plaintiff's plea that "[i]f the Court finds those claims [against the individual defendants] and/or their jurisdictional predicate are not sufficiently or properly pleaded, leave should be given to the plaintiff to further amend his complaint in the interests of justice." *See* Plaintiff's Reply Memo at 4. USPS and the Postal Service defendants echo the plaintiff's sentiments, claiming that "in the interests of fairness and judicial economy, rather than simply denying plaintiff's motion, it is respectfully submitted that the Court should direct plaintiff to serve, within twenty days, a new amended complaint which remedies the defects in the current proposed amended complaint." *See* Postal Service Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Amend the Complaint at 9. Accordingly, the Court grants the plaintiff twenty (20) days to amend his complaint to assert valid state law claims against the Postal Service defendants.

### ii. *Daly and Prestano*

■ The plaintiff also seeks to add Daly and Prestano as defendants. The Court notes that although the plaintiff's Notice of Motion does not specifically request the addition of Daly and Prestano as defendants, the supporting papers indicate the intention of the plaintiff to do so. Therefore, the Court will examine the issue of whether Daly and Prestano may be added as defendants.

Neither Daly nor Prestano were named as defendants in the original complaint. The plaintiff maintains that "the parties to be added arise from the same occurrences which form the basis of the claims against the existing defendants." Plaintiff's Memo in Support at 4. As stated above, the plaintiff may not assert a claim of breach of the duty of fair representation against Daly and Prestano. *See Walton, supra; Cruz, supra.* Since the proposed amended complaint is unclear as to the nature of the plaintiff's supplemental state law claims, the Court is unable to determine whether the statute of limitations bar the plaintiff from asserting such claims. However, the Court does find that any such claims against Daly and Prestano would not relate back to the date of the filing of the original complaint.

The Second Circuit has held that Rule 15(c) does not permit "an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." *See Barrow*, 66 F.3d at 470. In the present case, with regard to Daly, had the plaintiff been aware of his identity at the time of the filing of the original complaint, the Court would be compelled to conclude that the omission in the original complaint was due to a matter of choice, not mistake. *See Cornwell*, 23 F.3d at 705. Unlike Daly, the record reveals that the plaintiff knew of Prestano's identity. Prestano was named in the original complaint. *See* Complaint at 4. Therefore, the Court also finds that the omission of Prestano as a defendant was a matter of choice, not mistake. *See id.* Unlike *Soto, supra*, Daly and Prestano were not required to be named as defendants for the plaintiff to maintain a hybrid claim for breach of the duty of fair representation and of the collective bargaining agreement. The Court concludes that the addition of Daly and Prestano does not relate back to the original complaint. Hence, the Court grants the plaintiff's motion to amend his complaint to add Daly and Prestano as defendants to the extent that the applicable statute of limitations would not bar the cause of action.

### 3. *The Suspension Arbitration*

■ The plaintiff seeks leave to amend his complaint to assert a hybrid claim for breach of the duty of fair representation and breach of the collective bargaining agreement arising from the Suspension Arbitration. The

plaintiff maintains that this cause of action arising from the Suspension Arbitration relates back to the original complaint. NALC and Branch 6000 assert that the only references to any grievance or arbitration are with regard to Lettis' discharge and thus, any cause of action stemming from the Suspension Arbitration do not arise out of the "conduct, transaction, or occurrence" set forth in the original complaint. NALC and Branch 6000 further contend that this proposed cause of action is barred by the statute of limitations. The union defendants maintain that the plaintiff knew, or should have known, of any alleged violation of his rights during the Suspension Arbitration on or about the time the arbitrator's decision was announced on March 11, 1994. Therefore, the union defendants maintain that any claim arising from the Suspension Arbitration was time-barred on or about September 11, 1994. Hence, the claim arising out of the Suspension Arbitration was time-barred before the filing of the original complaint on February 15, 1995.

Fed.R.Civ.P. 15(c)(2) provides that "[a]n amendment of a pleading relates back to the date of the original pleading when ... (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading ..." This rule is "to be liberally construed", *see Siegel v. Converters Transp., Inc.,* 714 F.2d 213, 216 (2d Cir.1983), and the "principal inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party 'by the general fact situation alleged in the original pleading.'" *In re Chaus Securities Litig.,* 801 F.Supp. 1257, 1264 (S.D.N.Y.1992) (quoting *Contemporary Mission, Inc. v. New York Times Co.,* 665 F.Supp. 248, 255 (S.D.N.Y. 1987), *aff'd,* 842 F.2d 612 (2d Cir.1988), *cert. denied, O'Reilly v. New York Times Co.,* 488 U.S. 856, 109 S.Ct. 145, 102 L.Ed.2d 117 (1988)); *Kim v. Dial Service Int'l, Inc.,* 1997 WL 5902, at *12 (S.D.N.Y. Jan.8, 1997).

Upon close scrutiny of the original complaint, the Court finds that any claim arising from the Suspension Arbitration does relate back to the original complaint. The follow-ing allegations in the plaintiff's original complaint suggest that the plaintiff contemplated the claims arising from the arbitration regarding Lettis' discharge, which was held on June 9, 1994:

1. THIS IS AN ACTION FOR MONETARY DAMAGES SEEKING RETRIBUTION FOR VIOLATIONS OF THE PLAINTIFFS [SIC] RIGHTS, SECURED BY THE CONSTITUTION OF THE U.S. AND SPECIFICALLY, FRAUD, MENTAL ANGUISH, SLANDER AND PERJURY, IN A[SIC] ARBITRATION TRIAL ON JUNE 9 WITH U.S. POSTAL SERVICE AND NALC BR 6000 MAKING A PRE ARBITRATION DEAL, TO GIVE ME BACK MY JOB IF I PLEAD GUILTY.

\*　　\*　　\*　　\*　　\*　　\*

3. PLAINTIFF SEEKS AMONG OTHER A JUDGMENT DECLARING THAT DEFENDANTS [SIC] ACTIONS, TO TERMINATE PLAINTIFFS EMPLOYMENT WITH THE WILLISTON PARK P.O., WAS WRONGFULLY TERMINATED, + FALSELY ACCUSED OF ACTIONS BY USPS.

4. PLAINTIFF SEEKS AMONG OTHER RELIEF, AN AWARD OF BACK PAY, OVERTIME, SALARY INCREMENTS ... AND ALL OTHER BENEFITS WOULD HAVE ENJOYED, HAD THEY THE USPS, HAD ME TERMINATED FROM MY JOB AS A LETTER CARRIER FOR 26 YRS AT WILLISTON PARK P.O....

\*　　\*　　\*　　\*　　\*　　\*

WHEREFORE

I JOHN M LETTIS DEMAND JUDGMENT AGAINST DEFENDANTS, AND THE ARBITRATION DECISION BE OVERTURNED.... I ASK THAT THIS COURT WILL OVERTURN THE DECISION OF THE ARBITRATOR ON JUNE 9 AT WILLISTON PK P.O.

However, as the following excerpt of the ad damnum clause demonstrates, the original complaint seeks damages from November 16, 1993, the date on which the plaintiff was suspended:

WHEREFORE

\* \* \* \* \* \*

ORDERING DEFENDANTS TO PAY BACK PAY FROM NOV 16, 1993, PLUS OVERTIME, ALL PENSION AND SICK LEAVE BENEFITS, ... AND ALL OTHER RIGHTS AND BENEFITS OF EMPLOYMENT THAT I WOULD HAVE RECEIVED, HAD I NOT BEEN WRONGFULLY TERMINATED, TO-GETHER WITH INTEREST FROM NOV 16—1993.

Complaint at 4–5. In addition, the plaintiff alleges in his original complaint that "Joe Celentano lied under oath." *Id.* ¶ 9. Celentano testified at both the Suspension and Discharge Arbitrations. *See* Union Defendants' Memo in Opp., Leibowitz Award at 6–7; Sirefman Award at 9. Furthermore, both the Suspension and the Discharge Arbitrations stemmed, in part, from the altercation between the plaintiff and Kachianos on November 16, 1993. These factors, coupled with the need to construe Rule 15(c)(2) liberally, especially with the original *pro se* complaint, lead the Court to conclude that any claim arising from the Suspension Arbitration relates back to the original complaint. However, the Court's inquiry does not end here. The Court must now determine whether any claim arising from the Suspension Arbitration would have been timely under the original complaint.

■ The plaintiff's hybrid claim against USPS for wrongful discharge and against NALC and Branch 6000 for breach of their duty of fair representation, is governed by a six-month statute of limitations. *See DelCostello,* 462 U.S. at 169–171, 103 S.Ct. at 2293–94; *Cohen,* 68 F.3d at 67. The statute of limitations does not necessarily begin to run on "the date that the employee is notified of a final adverse determination with respect to a grievance." *Demchik v. General Motors Corp.,* 821 F.2d 102, 105 (2d Cir.1987). Rather, "the cause of action accrue[s] no later than the time when plaintiffs knew or reasonably should have known that such a breach had occurred, even if some possibility of non-judicial enforcement remained." *Cohen,* 68 F.3d at 67 (quoting *Santos v. District Council,* 619 F.2d 963, 969 (2d Cir.1980)).

The Court is unable to discern from the papers submitted by the plaintiff, when the plaintiff "knew or reasonably should have known" that his hybrid claim for breach of the CBA and breach of the duty of fair representation arising from the Suspension Arbitration, accrued. Therefore, the Court is unable to calculate if the six-month statute of limitations had already run when the plaintiff filed his original complaint. Accordingly, the plaintiff's motion to amend the complaint, pursuant to Rule 15(c)(2) to add claims arising from the Suspension Arbitration, is granted but only to the extent that such claims would not be barred by the statute of limitations at the time of the filing of the original complaint.

With regard to the amendment of the original complaint, the plaintiff is cautioned about perfunctory substantive or cosmetic changes. The Court notes with approval Judge Leisure's thoughtful comments in *Spier v. Erber,* 1990 WL 71502, Fed. Sec. L. Rep. (CCH), ¶ 95,287 (S.D.N.Y.1990):

> [I]t has become an all too common practice for litigants granted leave to replead to make only minor changes in the original complaint based on an overly restrictive reading of the dismissing court's order, prompting a second motion to dismiss. An amended complaint which fails to replead with sufficient particularity after a finding of lack of specificity may well be regarded by the Court as a frivolous filing in violation of Fed.R.Civ.P. 11. Conversely, a renewed Rule 9(b) motion after an adequate and thorough repleading can also be viewed as frivolous.

In the event the plaintiff files an amended complaint that is insufficiently pled or not in accord with this Memorandum Decision and Order, the Court may take appropriate action.

## III. CONCLUSION

Having reviewed the parties' submissions and for the reasons set forth above, it is hereby

**ORDERED,** that the plaintiff John M. Lettis' motion to amend the complaint pursuant to Fed.R.Civ.P. 21 and 4(a), for leave to withdraw the action as to the defendants, the U.S. Post Office Williston Park, USPS Postal

Inspector Nator QGMF, Mike Goodman, Bob Green, Pat Kosta, Debra Mullins, John Serio, Julia Dowling, and Tasula Williams, and to amend the summons accordingly, is granted; it is further

**ORDERED,** that the plaintiff John M. Lettis' motion to amend the complaint pursuant to Fed.R.Civ.P. 20(a), 21, and 4(a), for leave to add the National Association of Letter Carriers and the United States Postal Service as defendants and to amend the summons accordingly, is granted; it is further

**ORDERED,** that the plaintiff John M. Lettis' motion to amend the complaint pursuant to Fed.R.Civ.P. 20(a), 21, 15(a) and (c), and 4(a), for leave to add Don Daly and Dominic A. Prestano as defendants and to amend the summons accordingly, is granted to the extent that the plaintiff seeks to assert supplemental state causes of action against them and the applicable statute of limitations would not bar such claims; it is further

**ORDERED,** that the plaintiff John M. Lettis' motion to amend the complaint pursuant to Fed.R.Civ.P. 15(a) and (c), for leave to amend his complaint to assert a cause of action arising from the arbitration held on February 25, 1994 as to the plaintiff's suspension from the Williston Park Post Office, is granted to the extent that such claim accrued within six months prior to February 15, 1995, the date the original complaint was filed; it is further

**ORDERED,** that the plaintiff John M. Lettis' motion to amend the complaint pursuant to Fed.R.Civ.P. 15(a) and (c), for leave to amend his complaint to assert supplemental state causes of action against the defendants Peggy Eng, Joseph Celentano, Andrew Kachianos and Frederick Otto, is granted; it is further

**ORDERED,** that the plaintiff John M. Lettis is granted leave to serve and file an amended complaint within thirty (30) days from the date of, and in conformity with, this Memorandum Decision and Order, and in compliance with the constraints imposed by Fed.R.Civ.P. 11.

**SO ORDERED.**