**EASTERN REFRACTORIES COMPANY, INC., Plaintiff,**

v.

**FORTY EIGHT INSULATIONS, INC., Fibrex, Inc., Minnesota Mining and Manufacturing Company and Aycock, Inc., Defendants.**

No. 86 Civ. 1585(WCC).

United States District Court, S.D. New York.

June 30, 1999.

Francis X. Garrity, Laura M. Plastine, Garrity, Graham, Favetta & Flinn, of counsel, Montclair, New Jersey, for plaintiff.

William G. Ballaine, Daniel S. Moretti, Elyse Entin, Landman Corsi Ballaine & Ford, P.C., New York City, of counsel, for defendant Forty Eight Insulations, Inc.

## OPINION AND ORDER

CONNER, Senior District Judge.

In this diversity action, plaintiff Eastern Refractories Company, Inc. ("Eastern") asserts a claim for contribution against defendant Forty Eight Insulations, Inc. ("FEI"). Defendant moves, pursuant to Fed.R.Civ.P. 12(b)(5), to dismiss Eastern's amended complaint for failure to serve the summons and amended complaint within the time period prescribed by Fed.R.Civ.P. 4(m). Plaintiff has filed a cross-motion requesting that the summons and amended complaint be deemed served nunc pro tunc. For the reasons discussed below, defendant's motion is granted, and plaintiff's motion is denied.

## BACKGROUND

In October 1981, Eastern contracted to supply thermal insulation to Brown Boveri Corporation ("BBC") for use in a power plant in Florida. Eastern fulfilled the contract with insulating material manufactured by FEI. On or about March 5, 1983, the insulation caught fire. BBC, invoking the arbitration clause of the supply contract, obtained an award of $676,614.92 against Eastern for the costs incurred in connection with the replacement of the insulation. This award was reduced to judgment in the Southern District of New York in the amount of the award plus interest, for a total of $687,088.30. In exchange for full satisfaction of the judgment, BBC assigned to Eastern all of its rights in connection with the fire.

On February 24, 1986, Eastern commenced this action against FEI in the Southern District of New York. An amended complaint was filed on March 17, 1986. However, the amended complaint was not served on FEI within the 120-day time limit prescribed by Fed.R.Civ.P. 4(m). Rather, upon learning that FEI had filed for bankruptcy protection in the United States Bankruptcy Court for the Northern District of Illinois, Eastern filed a proof of claim in bankruptcy court on May 29, 1986, and attached a copy of the summons and amended complaint thereto.[1]

In light of the numerous asbestos-related claims filed against FEI, Eastern believed that it would be able to recover against FEI only to the extent that its claims were covered by FEI's insurance policies with Bituminous Casualty Corporation Fire & Marine Insurance Company ("Bituminous"). Eastern sought relief from the automatic bankruptcy stay on March 5, 1993 to allow it to pursue its claims against FEI in the Southern District of New York. Its motion was granted on April 22, 1993, with the following limitation:

> The Litigation may proceed to determine the obligation of [FEI] to compensate [Eastern] for its claim of contribution. [Eastern] may proceed to collect any judgment obtained or settlement agreed to from [Bituminous, FEI's insurer] to the extent that such judgment or settlement is covered by the Bituminous policies.

> This order is without prejudice to [FEI] to seek to reinstate the automatic stay in the event (a) there is a determination that Bituminous is not obligated to defend [FEI] against [Eastern's] claim or (b) there are other claims asserted against the Bituminous policies.

*In re Forty-Eight Insulations, Inc.*, Ch. 11 Case No. 85-B-05061, slip op. at 2 (D.Ill. Apr. 22, 1993).

Thereafter, rather than moving to re-open the Southern District action (which had been administratively closed on June 29, 1992), Eastern spent three years pursuing either a written acknowledgment or declaratory judgment that its claims against FEI were covered by the Bituminous policies. Bituminous refused to acknowledge coverage, but agreed to provide FEI with a defense in the South-

---

1. In its proof of claim, Eastern admitted that the summons and amended complaint had never been served in accordance with the Federal Rules of Civil Procedure.

ern District action subject to a reservation of rights to contest coverage. On July 27, 1995, an Illinois state court dismissed Eastern's declaratory judgment action against Bituminous, holding that Eastern lacked standing because it had not yet established the underlying liability of FEI.[2]

Finally, on March 21, 1996, Eastern moved to re-open the instant action. We restored the case to active status on March 25, 1996. At a conference in June of 1996, FEI indicated that it had never been served with the summons and amended complaint. After FEI's attorney refused to sign an acknowledgment and waiver of service, on July 29, 1996 Eastern prepared a new summons for service on the Illinois Secretary of State. Eastern forwarded this summons to an Illinois law firm which in turn sent the summons to a local sheriff who effected service on the Secretary of State on November 1, 1996.

Meanwhile, on October 15, 1996, FEI had moved to dismiss the amended complaint on the grounds that: (1) it was filed in violation of the automatic bankruptcy stay; and (2) it had never been properly served pursuant to Fed.R.Civ.P. 4(m). On November 24, 1997, we granted FEI's motion on the basis of the bankruptcy stay. The Court of Appeals reversed and remanded for consideration of the second ground offered by FEI as a basis for dismissal. *See Eastern Refractories Co. Inc. v. Forty Eight Insulations Inc.*, 157 F.3d 169 (2d Cir.1998). At a conference held on November 20, 1998, a briefing schedule was established for the re-submission of FEI's motion to dismiss and Eastern's simultaneous cross-motion requesting that the Court retroactively grant an extension of time within which to serve the complaint or, alternatively, that the amended complaint be deemed served nunc pro tunc. Subsequently, Eastern granted itself a three-week extension of time to file its cross-motion. For the reasons discussed below, FEI's motion to dismiss the amended complaint pursuant to Fed.R.Civ.P. 12(b)(5) is granted and Eastern's cross-motion is denied.

**2.** This decision was affirmed on appeal on June 13, 1996.

## DISCUSSION

The Federal Rules of Civil Procedure require a plaintiff to serve a summons and complaint on a defendant within 120 days of filing the complaint. *See* Fed. R.Civ.P. 4(m). A district court, however, must extend the time for service upon a showing of good cause for the delay. Rule 4(m) provides in pertinent part:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Good cause is "generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *Nat'l Union Fire Ins. Co. v. Sun*, No. 93 Civ. 7170(LAP), 1994 WL 463009, *3 (S.D.N.Y. Aug. 25, 1994). District courts consider the diligence of plaintiff's efforts to effect proper service and any prejudice suffered by the defendant as a consequence of the delay. *See Echevarria v. Dep't of Correctional Servs.*, 48 F.Supp.2d 388, 392–93 (S.D.N.Y.1999); *Rosario v. Copacabana Night Club, Inc.*, No. 97 Civ.2052(KTD), 1998 WL 273110, *5 (S.D.N.Y. May 28, 1998). "An attorney's inadvertence, neglect, mistake or misplaced reliance does not constitute good cause." *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F.Supp. 654, 658 (S.D.N.Y.1997), *aff'd*, 173 F.3d 844, 1999 WL 265022 (2d Cir.1999) (citing *McGregor v. United States*, 933 F.2d 156, 160 (2d Cir. 1991)).

Here, Eastern has failed to make any reasonable efforts to timely serve the amended complaint on FEI. On a number of occasions during the last several years, Eastern has been in a position to chose whether, when and in what venue to pursue its claims against FEI and Bituminous. Any delays attributable to the bankruptcy proceeding

are certainly understandable and are not being considered by this Court. However, the choices made by Eastern after the bankruptcy stay was lifted so that Eastern could pursue the instant action reflect a surprising attitude of insouciance as to the strictures of Rule 4(m).

■ Eastern was clearly aware that FEI had not been served with the summons and amended complaint and so stated in its proof of claim.[3] When the bankruptcy stay was lifted on April 23, 1993, Eastern consciously chose not to re-open the instant action and serve the summons and amended complaint but to file a separate declaratory judgment action against Bituminous in state court in Illinois. Although we understand why Eastern would want to find out whether a judgment against the bankrupt FEI would be collectible before pursuing this action against it, we cannot ignore the fact that each year that passed further hampered FEI's ability to defend against Eastern's action.

Moreover, conspicuously absent from Eastern's motion papers is any explanation for its eight-month delay in re-opening this case after the Illinois state court dismissed its declaratory judgment action.[4] After this action was re-activated, it took Eastern seven more months effectuate proper service on FEI, taking two and one-half months to complete the simple task of serving the revised summons on the Illinois Secretary of State. Eastern has not shown good cause for its delay in service of process.[5]

Nevertheless, as evidenced by the Advisory Committee Notes to Rule 4(m), a district court may "relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." Factors to be considered in this regard are: (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision. *See* Advisory Committee Notes to Fed.R.Civ.P. 4(m); *Rosario*, 1998 WL 273110, at *4–6.

■ Generally, when courts consider granting an extension of time notwithstanding a lack of good cause, they are considering motions made by plaintiffs prior to the expiration of the 120–day period. Here, plaintiff has moved thirteen years after filing the amended complaint. The fact that plaintiff's claims may be time-barred does not require us to exercise our discretion in favor of plaintiff. *See Frasca v. United States*, 921 F.2d 450, 453 (2d Cir.1990); *Santos v. State Farm Fire and Cas. Co.*, 902 F.2d 1092, 1094–95 (2d Cir.1990); *Rosario*, 1998 WL 273110, at *6. FEI has done nothing to conceal the absence of service of process. In addition, although FEI has had actual notice of the claims against it since 1986, FEI has never had occasion to marshal the evidence necessary to defend against these claims. Now, some sixteen years after the occurrence of

---

3. Eastern's assertion that filing a proof of claim in bankruptcy court constitutes service of the summons and complaint under the Federal Rules of Civil Procedure is without merit. Plaintiff's reliance on *In re Chase & Sanborn Corp.*, 58 B.R. 721 (Bankr.S.D.Fla.1986) is misplaced. There, the plaintiff commenced an action in U.S. District Court by filing a complaint. A copy of the complaint and summons issued by the Clerk of the District Court were then served on each defendant after the U.S. District had referred the case to the U.S. Bankruptcy Court under 28 U.S.C. § 157(a). The bankruptcy judge held that additional service in accordance with the bankruptcy rules would not be required because the district judge intended the case to be transferred to bankruptcy court for trial purposes and did not intend for the parties to commence a new proceeding in bankruptcy court. *In re Chase & Sanborn,* is simply not binding on this Court and

is clearly factually inapposite to the case at bar. This action was never referred to the U.S. Bankruptcy Court in Illinois or received therefrom. There was no judicial order entitling the service in one proceeding to constitute effective service in the other.

4. Clearly Eastern was not waiting for the outcome of its appeal because it moved to re-open this action while the appeal was still pending in Illinois.

5. The timing of Eastern's motion for an extension of time within which to serve the amended complaint provides a final, and telling example of its laxity in this matter—it was made three weeks after the date established by this Court for the making of such motion, without excuse or notice to FEI or the Court.

the events complained of, FEI, which no longer exists as a corporate entity, will undoubtedly have significant difficulty locating the most crucial documents and witnesses. Indeed, the necessary documentation and witnesses' memories may be irretrievably lost. This Court abhors forfeiture and we recognize the hardship that will fall upon Eastern should the action be dismissed. However, the delays in service discussed above are sufficiently egregious to compel dismissal. Granting Eastern's motion under these circumstances would "not enhance the ability of [this Court] to dispense justice, but rather [would] have the reverse effect." *Alexander v. Forest City Pierrepont Assocs.*, No. CV 94–3961, 1995 WL 406135, *2 (E.D.N.Y. June 26, 1995).

### CONCLUSION

For the reasons discussed above, FEI's motion to dismiss Eastern's amended complaint pursuant to Fed.R.Civ.P. 12(b)(5) is granted, and Eastern's cross-motion requesting that its amended complaint be deemed served nunc pro tunc is denied. Eastern's amended complaint is hereby dismissed without prejudice and the Clerk of the Court is directed to close the above-captioned action.

SO ORDERED.