Joseph **HUSOWITZ**, Plaintiff,

v.

**AMERICAN POSTAL WORKERS UNION and its Officers, a/k/a A.P.W.U., Moe Biller, National President, Thomas Hartos, Long Island Local President, Peter J. Furgiuele, LI Local Executive Secretary, and Jim Scanna, Advocate Nassau, Defendants.**

No. CV 96–0336(ADS).

United States District Court, E.D. New York.

Aug. 23, 1999.

Joseph Husowitz, Farmingdale, N.Y., plaintiff pro se.

O'Donnell, Schwartz & Anderson, P.C., by Susan L. Catler, of counsel, Washington, D.C., for the defendants American Postal Workers Union, Moe Biller, Thomas Hartos, Peter J. Furgiuele, and Jim Scanna.

O'Donnell, Schwartz, Glanstein & Rosen, New York City, for the defendants American Postal Workers Union, Moe Biller, Thomas Hartos, Peter J. Furgiuele, and Jim Scanna.

Office of the United States Attorney for the Eastern District of New York, by Assistant United States Attorney Jennifer C. Boal, Brooklyn, N.Y., for Attorney General Janet Reno, former United States Attorney for the Eastern District of New York Zachary W. Carter, and the Postmaster General.

*MEMORANDUM DECISION*
*AND ORDER*

SPATT, District Judge.

In his Complaint, the pro se plaintiff, Joseph Husowitz ("Husowitz" or the "plaintiff") alleges that the American Postal Workers Union, AFL—CIO ("APWU") and the individual Union officers or agents, Moe Biller, Thomas Hartos, Peter J. Furgiuele and Jim Scanna (collectively, the "individual Union defendants") breached their duty of fair representation in the handling of a grievance and arbitration over his discharge from employment with the United States Postal Service. At issue are the following motions: (1) the individual union defendants' motion to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure; (2) a motion to dismiss the Complaint by the APWU and the individual Union defendants pursuant to F.R.C.P. 4(m), 12(b)(2) and 12(b)(5) for failure to accomplish timely service; and (3) a motion to dismiss the Complaint pursuant to F.R.C.P. 12(b)(6) and 8(a) by the Attorney General Janet Reno, the former United States Attorney for the Eastern District of New York Zachary W. Carter, and the Postmaster General (collectively referred to as the Federal defendants), who are not named in the Complaint or the caption of this case, but who appear on a typewritten rider attached to the summons.

## I. BACKGROUND

### A. Procedural History

Husowitz initiated this lawsuit by filing a complaint on January 26, 1996, and the Court granted him *in forma pauperis* status on February 1, 1996. More than a year later, by a Notice dated February 4, 1997, this Court's Courtroom Deputy advised the plaintiff that "since there has been no activity in this action since March 27, 1996, plaintiff is requested to inform the Court within fifteen (15) days of this notice, why an order should not be entered dismissing this action for failure to prosecute." In a responsive letter dated March 27, 1997, the plaintiff requested a delay in any action on the case.

Approximately one year later, the Court's Deputy mailed to the plaintiff a Second Notice, dated February 13, 1998, which stated, "There having been no activity in this case since March 27, 1997, plaintiff is requested to inform the Court within thirty (30) days of this notice, why an order should not be entered dismissing this action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). Please send your response to the undersigned ... on or before March 16, 1998." By letter dated March 12, 1998, the plaintiff again requested that the Court "continue to delay taking action on [this] case [because] I am continuing to represent myself pro se in a related case ... which is still pending on appeal before the United States Supreme Court. It is very difficult for me to represent myself in one case, so I feel that to try to carry two case loads would be a truly difficult task.... Hopefully I will receive a decision from the Supreme Court soon." On April 17, 1998, the Court ordered that the case be dismissed with prejudice for failure to prosecute and directed the Clerk of the Court to close the case.

However, at the time the Court dismissed the case, the Marshals Service had not completed service of process on the defendants. For this reason, on June 19, 1998, this Court issued an Order vacating the April 17, 1998 dismissal, reopening the case, and directing the Marshals Service to serve copies of the summons and complaint on the defendants on or before August 17, 1998.

### B. The Nature of the Lawsuit

The following factual allegations are taken from Husowitz's pro se Complaint.

Husowitz states that he worked in the United States Postal Service for thirty-one years prior to being discharged; the Complaint does not indicate his dates of employment. During his employment, Husowitz was a dues-paying member of the APWU. At an unspecified time, Husowitz was faced with an arbitration hearing, the exact nature of which is not stated, at which the APWU represented him. The arbitrator ultimately decided against Husowitz and consequently he was "in effect ... fired."

Husowitz contends that the Union did not fairly represent him at the arbitration hearing. The plaintiff maintains that the arbitrator's decision was not based on all of the evidence that was available to the Union and, particularly, to Jim Scanna, the union advocate who apparently represented Husowitz at the hearing. According to Husowitz, Scanna "allowed the representative for Postal Management to use witnesses [who] were not in the area at the time and were fired for disability reasons shortly after the incident, in question, took place." Also, the Complaint states that Scanna "rarely offered rebut[tal] to the testimony made against me," did not call witnesses who would provide valuable testimony on Husowitz's behalf, and asked Husowitz incriminating questions on direct examination.

With respect to defendant Peter J. Furgiuele, the Long Island Local Executive Secretary of the APWU, Husowitz contends that Furgiuele was a witness to the unidentified incident which prompted the arbitration hearing, but refused to intercede or provide any assistance on Husowitz's behalf. According to Husowitz, Furgiuele is "partly responsible for the loss of my job."

With regard to defendant Thomas Hartos, the President of the Long Island Local, and Moe Biller, the National President of the APWU, Husowitz asserts that "both of these men failed to be responsible leaders by not accepting my written pleas for assistance in my arbitration hearing, to stop the unfair representation [from] taking place."

The Complaint does not mention the federal defendants.

### II. DISCUSSION

■ As stated above, the following motions are before the Court: (1) the individual Union defendants' motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6); (2) a motion to dismiss by the APWU and the individual Union defendants pursuant to Rules 4(m), 12(b)(2) and 12(b)(5) for failure to accomplish timely service; and (3) a motion to dismiss pursuant to Rule 12(b)(6) and 8(a) by the Federal defendants. In resolving these motions, the Court bears in mind its responsibility to "construe pro se complaints

liberally, applying less stringent standards than when a plaintiff is represented by counsel." *Elliott v. Bronson*, 872 F.2d 20, 21 (2d Cir.1989) (per curiam); *see also Alexandre v. Cortes*, 140 F.3d 406, 408 (2d Cir.1998).

### A. Rule 4(m): The Standard

■ The APWU and the individual Union defendants move to dismiss the Complaint on the ground that the plaintiff did not serve them in this action until after the time limit for service had run. These defendants assert that Husowitz's failure to comply with the service requirements of Rule 4 warrants dismissal pursuant to Rule 12(b)(2), for lack of personal jurisdiction, and pursuant to Rule 12(b)(5), for insufficiency of service of process.

Federal Rule of Civil Procedure 4(m), states:

> If service of the summons and complaint is not made upon the defendant within 120 days after filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

■ Rule 4(m) "allows the court, in its discretion, to extend the time for service, even if the plaintiff fails to show good cause. If the plaintiff has shown good cause, the extension is mandatory." *Blessinger v. United States*, 174 F.R.D. 29, 30 (E.D.N.Y. 1997) (citing *Espinoza v. United States*, 52 F.3d 838, 840–841 [10th Cir.1995] ). The following two factors are relevant in a Court's evaluation of good cause: (1) the reasonableness and diligence of plaintiff's efforts to serve; and (2) the prejudice to defendants from the delay. *Id.* (quoting *Bloomer v. City of New York*, 89 CV 592, 1994 WL 92388, at *4 [E.D.N.Y. March 3, 1994] ).

In the Court's view, the delay of the Marshals Service in serving the defendants constitutes "good cause." As a pro se litigant proceeding in forma pauperis, Husowitz was entitled to rely on service by the United States Marshals. *See Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir.1986); *Carney v. Davis*, 1991 WL 150537, at *1, 1991 U.S.Dist. LEXIS 10254, at *2 (S.D.N.Y. 1991). Here, the Marshals Service did not serve the defendants within the time period specified. In fact, the Marshals Service did not serve the defendants until after the Court issued its September 3, 1998 Order directing that such service be accomplished. This constitutes good cause for the plaintiff's failure to complete service in the time period. *See Byrd v. Stone*, 94 F.3d 217 (6th Cir.1996) (failure of district court clerk and United States Marshals Service to accomplish their respective duties to issue and serve process for plaintiff proceeding *in forma pauperis* constituted good cause for plaintiffs failure to serve defendant timely); *Graham v. Satkoski*, 51 F.3d 710 (7th Cir.1995) (failure of Marshal serving process on behalf of pro se prisoner to effectuate service may be good cause for prisoner's failure to serve process within 120 days); *Dumaguin v. Secretary of Health & Human Servs.*, 28 F.3d 1218 (D.C.Cir.1994), *cert. denied*, 516 U.S. 827, 116 S.Ct. 94, 133 L.Ed.2d 50 (1995) (plaintiff proceeding in forma pauperis was entitled to rely on United States Marshal Service for process service, and when marshal failed to serve United States after repeated requests, good cause existed under Rule 4 to excuse plaintiff's failure to serve the United States Attorney personally); *Walker v. Sumner*, 14 F.3d 1415 (9th Cir.1994) (an incarcerated pro se plaintiff proceeding in forma pauperis should not be penalized, through dismissal of action for failure to effect service when marshal or court clerk has been derelict in duties; so long as prisoner has provided the information necessary to identify the defendant, marshal's failure to effect service automatically equals good cause under Rule 4).

In fact, some Courts have held that the Marshals' failure to effectuate service is "automatically 'good cause' within the meaning of Rule 40(j) [the predecessor to Rule 4(m) ]" when the pro se plaintiff has provided all the information necessary to identify the defendant. *See, e.g., Sellers v. United States*, 902 F.2d 598, 602 (7th Cir.1990). Following the Court Order granting Husowitz's request to

proceed in forma pauperis, the plaintiff was dependent on the U.S. Marshal to effect service. The fact that service was not accomplished within 120 days of the Order was not the plaintiff's fault. *See Satchell v. Romano,* No. 81 Civ. 603, 1988 WL 68762, *5 (E.D.N.Y. June 2, 1988) (five-year delay excused; since plaintiff "was dependent on the U.S. Marshal to effect service ... [t]he fact that service was not accomplished within 120 days of the Order was not his fault").

Moreover, while the APWU and the individual Union defendants assert that they are prejudiced by the delay, they have offered no facts to substantiate that assertion, except a conclusory argument to that effect. They failed to make any specific allegations to demonstrate that prejudice occurred here, such as the loss or destruction of relevant evidence, or the inability to locate key witnesses.

Accordingly, the Court denies the motion of the APWU and the individual Union defendants to dismiss the Complaint pursuant to Rules 4, 12(b)(2) and 12(b)(5).

### B. Rule 8: The Standard

■ The Federal defendants—Attorney General Janet Reno, the former United States Attorney for the Eastern District of New York Zachary W. Carter, and the Postmaster General—move to dismiss the Complaint under Rule 8(a). The Federal defendants note that they are not named in the Complaint or the caption of this case, and only appear on a typewritten rider which apparently is attached to the summons.

Rule 8 provides in relevant part that a complaint "shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). The purpose of Rule 8 is to ensure that courts and adverse parties can understand a claim and frame a response to it. *See Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988) (quoting 5 Wright & Miller, Federal Practice and Procedure § 1281, at 365 [1969] ) (additional internal citations omitted). With regard to the Federal defendants, the Complaint does not meet these requirements; in fact, it is not at all discernible why these defendants appear on a typewritten rider

which apparently is attached to the summons, given that they are not even mentioned in the Complaint or its caption. *See Mason v. County of Delaware,* 150 F.R.D. 27 (N.D.N.Y.1993) (dismissing Complaint as to defendants who appeared only in the summons).

Accordingly, the Federal defendants' motion to dismiss under Rule 8 is granted. However, such dismissal is without prejudice, subject to the conditions explained below.

### C. Rules 12(b)(1) and 12(b)(6): The Standard

The Federal defendants also move to dismiss the Complaint under Rule 12(b)(6). The individual Union defendants move to dismiss under Rules 12(b)(1) and 12(b)(6).

#### 1. *Rule 12(b)(6)*

■ On a motion to dismiss for failure to state a claim, the Court should dismiss the complaint pursuant to Rule 12(b)(6) if it appears beyond doubt that the plaintiffs can prove no set of facts in support of their complaint which would entitle them to relief. *Morris v. Local 819,* 169 F.3d 782 (2d Cir. 1999) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 [1957] ). However, "[t]he task of the court in ruling on a Rule 12(b)(6) motion 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *Cooper v. Parsky,* 140 F.3d 433, 440 (2d Cir.1998) (quoting *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.,* 748 F.2d 774, 779 [2d Cir.1984]). Thus, the Court must accept the allegations of the complaint as true, and construe all reasonable inferences in favor of the plaintiffs. *See Koppel v. 4987 Corp.,* 167 F.3d 125, 127 (2d Cir.1999); *Connell v. Signoracci,* 153 F.3d 74 (2d Cir.1998).

#### 2. *Rule 12(b)(1)*

The individual Union defendants move to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction. This motion is apparently made under the theory that the Court may dismiss for lack of subject matter jurisdiction—even if a federal claim is assert-

ed on the face of the complaint—where the federal question "is so plainly insubstantial as to be devoid of any merits and thus does not present any issue worthy of adjudication." *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1189 (2d Cir.1996) (quoting *Giulini v. Blessing*, 654 F.2d 189, 192 [2d Cir.1981] ).

### 3. *As to the Federal Defendants' Rule 12(b)(6) Motion*

▮ In the Court's view, dismissal as to the Federal defendants is warranted under Rule 12(b)(6). The federal defendants are not identified in the caption or mentioned in the body of the Complaint. "It is well-settled that 'where the complaint ... contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted.' " *Dove v. Fordham University*, 56 F.Supp.2d 330, 334–335 (S.D.N.Y.1999) (quoting *Morabito v. Blum*, 528 F.Supp. 252, 262 [S.D.N.Y.1981] ); *see also Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir.1987) ("Although the caption of appellants' complaint names as defendants Benjamin Ward, Police Commissioner of the City of New York, and Anthony Savarese, a sergeant in the New York City Police Department, the complaint is entirely devoid of any allegations of their personal involvement in denying appellants either a prompt hearing or the additional medallions sought. Having failed to allege, as they must, that these defendants were directly and personally responsible for the purported unlawful conduct, their complaint is 'fatally defective' on its face.").

For these reasons, the Federal defendants' motion to dismiss the Complaint under Rule 12(b)(6) is granted, and the Complaint is dismissed as to them without prejudice. The plaintiff is granted leave to serve an amended Complaint in regard to the Federal defendants, within thirty (30) days of the date of this decision, that is, on or before September 24, 1999. Failure to file an Amended Complaint within the thirty-day period will result in dismissal of the Complaint with prejudice as to the Federal defendants.

### 4. *As to the Individual Union Defendants Rule 12(b)(6) Motion*

▮ The individual Union defendants also object to their inclusion in the Complaint, and argue that they are not amenable to suit, because individual liability is precluded by 39 U.S.C. § 1208(c).

▮ Initially, the Court notes that the plaintiff's claims for breach of the duty of fair representation by his Union should be brought pursuant to the Postal Reorganization Act, 39 U.S.C. § 1208, and not, as the plaintiff contends, pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, which applies only to private sector litigants. *See Lettis v. U.S. Postal Service, Nat. Ass'n of Letter Carriers*, 973 F.Supp. 352, 360 (E.D.N.Y. 1997). However, the Court may apply the body of law developed under 29 U.S.C. § 185 in resolving this case. *See American Postal Workers Union, AFL—CIO v. United States Postal Service*, 766 F.2d 715, 720 (2d Cir. 1985), *cert. denied*, 475 U.S. 1046, 106 S.Ct. 1262, 89 L.Ed.2d 572 (1986); *National Ass'n of Letter Carriers, AFL—CIO v. Sombrotto*, 449 F.2d 915, 918–19 (2d Cir.1971).

39 U.S.C. § 1208 is an analogue of 29 U.S.C. § 185, and provides in relevant part as follows:

\*\*\*\*\*\*

(b) Suits for violation of contracts between the Postal Service and a labor organization representing Postal Service employees, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy.

(c) A labor organization and the Postal Service shall be bound by the authorized acts of their agents. Any labor organization may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of the United States. *Any money judgment against a labor organization in a district court of the United States shall be enforcible [sic] only against the organization as an entity and against its assets, and shall not be enforcible [sic] against any individual member or his assets.*

39 U.S.C. § 1208(b) and (c) (emphasis added).

In *Walton v. Marx*, 149 LRRM (BNA) 2311, 2313, 1994 WL 592705 (S.D.N.Y.1994), *aff'd*, 62 F.3d 1412 (2d Cir.1995), the pro se plaintiff filed a complaint alleging a hybrid breach of contract/fair representation claim. The plaintiff named, among others, the Director of Industrial Relations of the American Postal Workers Union and the Manager of Grievance Arbitration of the Postal Service, as defendants. *See id.* Relying on 39 U.S.C. § 1208, 29 U.S.C. § 185, and *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 247–49, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962), the Court dismissed the plaintiff's claims for failure to name proper parties as defendants, namely, the union, as opposed to union officials. *Id.*

Similarly, in *Cruz v. Robert Abbey*, 778 F.Supp. 605 (E.D.N.Y.1991), this Court addressed the issue of whether a claim pursuant to the LMRA could be brought against an individual. *Id.* at 610. Relying on well-established law, this Court held that in order to state such a claim, the plaintiff's complaint must allege that the individual defendant was a signatory to the collective bargaining agreement. *Id.; see also Madden v. International Ass'n of Heat & Frost Insulators and Asbestos Workers*, 889 F.Supp. 707, 711–13 (S.D.N.Y.1995); *Spielmann v. Anchor Motor Freight, Inc.*, 551 F.Supp. 817, 820 n. 2 (S.D.N.Y.1982) ("Individual employees cannot be made defendant parties to a cause of action for breach of contract under LMRA § 301.").

Applying *Walton* and *Cruz, supra*, the plaintiff cannot assert a claim for breach of the duty of fair representation against the individual Union defendants. The Court finds that such claims are barred under Section 1208(c). Accordingly, the Court grants the motion of the individual Union defendants to dismiss the Complaint.

## III. CONCLUSION

Having reviewed the parties' submissions and for the reasons set forth above, it is hereby

ORDERED, that the motion of the individual Union defendants, Moe Biller, Thomas Hartos, Peter Furgiuele and Jim Scanna, to dismiss the Complaint is granted and the Complaint is dismissed with regard to these defendants; and it is further

ORDERED, that the motion of the defendant APWU to dismiss the Complaint is denied; and it is further

ORDERED, that the motion of the Federal defendants, Attorney General Janet Reno, former United States Attorney for the Eastern District of New York Zachary W. Carter, and the Postmaster General, to dismiss the Complaint is granted, and the Complaint is dismissed without prejudice with regard to these defendants. The plaintiff is granted leave to serve an Amended Complaint in regard to the Federal defendants within thirty (30) days of the date of this decision, that is, on or before September 24, 1999. Failure to file an Amended Complaint within the thirty-day period will result in dismissal of the Complaint with prejudice as to the Federal defendants; and it is further

ORDERED, that the Clerk of the Court is directed to serve a copy of this Order on the plaintiff by certified mail, return receipt requested, forthwith.

**SO ORDERED.**