Douglas C. BLANDFORD, Plaintiff,

v.

**BROOME COUNTY GOVERNMENT;** and Broome County Department of Public Works (Highway), Defendants.

No. 3:99–CV–487.

United States District Court, N.D. New York.

May 16, 2000.

Douglas C. Blandford, Endwell, NY, pro se.

Broome County Attorney's Office (Robert G. Behnke, of counsel), Binghamton, NY, for defendants.

## MEMORANDUM–DECISION & ORDER

McAVOY, District Judge.

Defendants presently move to dismiss the instant complaint for lack of personal jurisdiction and insufficiency of process pursuant to FED.R.CIV.P. 12(b)(2), (4), respectively, or, in the alternative, for an enlargement of time to serve and file an answer pursuant to FED. R.CIV.P. 6(b). *See* Notice of Motion (Docket No. 22).

### I. Background

On April 1, 1999, Plaintiff Douglas Blandford commenced the instant *pro se* action against Defendants Broome County Government and Broome County Department of Public Works (Highway) alleging, *inter alia,* employment discrimination based on Plaintiff's disability, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*[1] *See* Compl. at 3. Plaintiff seeks monetary damages and an order requiring Defendants to permit Plaintiff to undertake required medical treatments for his injuries.[2] *See id.* at 4.

On December 3, 1999, following one failed attempt at service, an employee of the United States Marshal's Service served a copy of the complaint on Defendants. *See* Process Receipt and Return (Docket No. 14).[3] Al-

---

**1.** Reviewing Plaintiff's *pro se* Complaint liberally, *see McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999), it appears that Plaintiff also asserts a claim of race discrimination and pendent state law claims for breach of the applicable labor agreement and for the intentional infliction of emotional distress. *See* Compl. at 3.

**2.** Despite numerous attempts to secure counsel, Plaintiff has proceeded *pro se* throughout the instant litigation. *See* Motion for Appointment of Counsel at 1 (Docket No. 2). Upon application

by Plaintiff, the Magistrate Judge granted Plaintiff's application to proceed *in forma pauperis, see Blandford v. Broome County Government,* 99–CV–487, at 2 (Order dated July 27, 1999) (Docket No. 7) and denied Plaintiff's motion for appointment of counsel. *See Blandford v. Broome County Government,* 99–CV–487, at 3 (Order dated March 21, 2000) (Docket No. 19).

**3.** On or about November 4, 1999, the United States Marshal's Service was unable to serve the complaint on Defendants. *See* Process Receipt

though Defendants acknowledge that a copy of the complaint was in fact left with a secretary at the Broome County Attorney's Office, they contend that the complaint was not accompanied by a summons and lacked a civil action file number or any other official stamp indicating that it had been filed with the Clerk of the Court for the Northern District of New York.[4] *See* Defs.Mem. of Law at 1. Defendants further contend that the County secretary did not recognize the process server as an employee of the United States Marshal's Service. *See id.*

On April 7, 2000, Defendants received a letter from the Court stating that Plaintiff should request entry of default in this action because Defendants failed to file a timely answer following service of the summons and complaint. *See* Docket No. 20. Allegedly "unaware of any such service," Behnke Aff. at ¶ 3, Defendants requested a copy of the complaint and the affidavit filed by the United States Marshal's Service. *See id.* Defendants contend that service was defective because "[t]he complaint does not contain a civil action number and there is no summons signed by the Clerk and bearing the seal of the Court attached to the complaint." *Id.* at ¶ 4. Defendants now move to dismiss the complaint pursuant to FED.R.CIV.P. 4(m), arguing that Plaintiff's failure to serve the complaint and summons together "is a jurisdictional defect mandating dismissal of the Complaint." *Id.* at ¶ 5. In the event the Court denies Defendants' motion to dismiss, Defendants' seek an extension of time pursuant to FED.R.CIV.P. 6(b) to serve and file their answer. *See id.* at ¶ 7.

Plaintiff did not submit timely opposition papers to Defendants' motion to dismiss or, in the alternative, for an extension of time to serve and file an Answer. However, on May 5, 2000, Plaintiff filed a letter with the Court requesting a default judgment in the above action. *See* Letter of Douglas C. Blandford dated May 4, 2000 (Docket No. 26). Plaintiff also states that Defendants were aware of the present action "through prior court mailings, even before they were properly served the summons and complaint." *Id.* On May 12, 2000, Plaintiff filed a cross-motion to Defendants' instant motion seeking, *inter alia*, to serve a summons on Defendants and prevent dismissal of his Complaint.[5] *See* Docket No. 27. That motion is currently returnable on the Court's June 12, 2000 motion calendar.

Notwithstanding Plaintiff's failure to submit timely opposition papers to Defendants' instant motion, the Court, in the interests of fairness to Plaintiff in light of his *pro se* status, independently examined Defendants' moving papers to determine whether they are entitled to the relief requested.

## II. Discussion

### A. Dismissal of Complaint for Improper Service

"Rule 4(m) authorizes a court upon motion to dismiss an action without prejudice as against a defendant if service of the summons and complaint is not made upon that

and Return (Docket No. 11). On November 19, 1999, the Court placed this action on its December 23, 1999 Dismissal Calendar pursuant to N.D.N.Y.L.R. 41.2 for failure to prosecute. *See* Docket No. 13. However, following service of the complaint by the United States Marshal's Service on December 3, 1999, the Court ordered that the instant action be removed from its Dismissal calendar. *See Blandford v. Broome County Government*, 99–CV–487 (Order dated December 21, 1999) (Docket No. 16).

4. There appears to be some factual dispute of the events surrounding service of the complaint on December 3, 1999. Specifically, the form filed by the United States Marshal's Office certifying that service was effectuated, included the following remark: "Mr. Kraham [Broome County Executive] acknowledged service of process as he was emroute [sic] to a meeting in the office and advised secretary to accept service and drop it off at the Law Department. Which she did." Process Receipt and Return (Docket No. 14) (capitals in original).

However, in a memorandum dated December 8, 1999, Yvonne Pratt, the secretary who apparently accepted service of the complaint, stated that she accepted "some papers for the County Executive who was unavailable at that time." Affidavit of Robert Behnke, Chief Assistant County Attorney at Ex. C ("Behnke Aff."). Ms. Pratt further contends that the papers did not include a contact name or addressed envelope and were forwarded to a County attorney as they "appeared to be a legal document." *Id.*

5. As discussed *infra*, Defendants' motion to dismiss the Complaint is denied.

defendant within 120 days after the filing of the complaint." *Shuster v. Oppleman,* 1999 WL 9845, at \*2 (S.D.N.Y. Jan.11, 1999). Specifically, Rule 4(m) provides, in pertinent part, that:

> If service of the summons and complaint is not made upon the defendant within 120 days after filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

FED.R.CIV.P. 4(m) (West 2000).

■ "Rule 4(m) allows the court, in its discretion, to extend the time for service, even if the plaintiff fails to show good cause. If the plaintiff has shown good cause, the extension is mandatory." *Husowitz v. American Postal Workers Union,* 190 F.R.D. 53, 57 (E.D.N.Y.1999) (quotations omitted); *see also* FED.R.CIV.P. 4(m) Advisory Committee Notes to 1993 Amendments (stating that Rule 4(m) permits a court, in its discretion, to extend the time for service absent a finding of good cause); *Charles v. New York City Police Dep't,* 1999 WL 717300, at \*7 (S.D.N.Y. Sept.15, 1999) ("[E]ven absent a finding of good cause, the Court has discretion to extend the time for service.").

■ In determining whether "good cause" exists, "[d]istrict courts consider the diligence of plaintiff's efforts to effect proper service and any prejudice suffered by the defendant as a consequence of the delay." *Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc.,* 187 F.R.D. 503, 505 (S.D.N.Y.1999) (citing *Echevarria v. Department of Correctional Servs.,* 48 F.Supp.2d 388, 392 (S.D.N.Y.1999)). Where "good cause" does not exist, the district court, in exercising its discretion to extend the time for service, should consider the following factors: " '(1) whether the applicable statute of limitations would bar the re-filed action; (2) whether the defendant had actual notice of

the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.' " *Charles,* 1999 WL 717300, at \*7 (quoting *Eastern Refractories,* 187 F.R.D. at 506).

■ Assuming, for purposes of the instant motion only, that the facts as set forth in Defendants' papers regarding the defects in Plaintiff's service are true, the Court finds dismissal of the complaint unwarranted. First, service of the complaint by itself evidences an effort by Plaintiff to timely serve Defendants. Indeed, Plaintiff, through the United States Marshal's Service, attempted to serve Defendants on two separate occasions. "As a pro se litigant proceeding in forma pauperis, [Plaintiff] was entitled to rely on service by the United States Marshals." *Husowitz,* 190 F.R.D. at 57; *see also Romandette v. Weetabix Co., Inc.,* 807 F.2d 309, 311 (2d Cir.1986). Thus, giving the *pro se* litigant the benefit of the doubt, *see Washington v. James,* 782 F.2d 1134, 1138–39 (2d Cir.1986), Plaintiff may have had a good faith belief that service of the complaint itself was sufficient under Rule 4(m).[6] Given the preliminary stage of the instant litigation, the Court also finds that Defendants have not been prejudiced by any delays that may have resulted from Plaintiff's attempts to effectuate proper service. Moreover, Defendants do not cite any prejudice that resulted from service of the complaint only. *See, e.g., Gillum v. New York State Dep't of Corrections,* 1992 WL 34145, at \*1 (S.D.N.Y. Feb.18, 1992); *see also Shields v. City of Bridgeport Bd. of Educ.,* 2000 WL 306962, at \*1 (D.Conn. Jan.20, 2000). Lastly, the Court notes that dismissal of the complaint may bar Plaintiff from re-filing his complaint in light of the filing requirements provided under the ADA and Title VII. *See Timbol v. Commercial Bank of Kuwait,* 2000 WL 282886, at \*2 (S.D.N.Y. Mar.15, 2000) (citing 42 U.S.C. § 2000e–5(f)(1) and 42 U.S.C. § 12117(a)). Thus, even assuming Plaintiff's service on

---

6. As further support for this view, the Court notes that the April 6, 2000 notice sent to the parties by the Clerk of the Court noted that

service of the summons and complaint was completed. *See* Docket No. 20.

Defendants was defective, the totality of the circumstances in this case do not mandate dismissal of the complaint. Accordingly, Defendants' motion to dismiss the complaint for failure to comply with FED.R.CIV.P. 4(m) is denied.

## B. Enlargement of Time to Serve and File Answer

■ "Under [FED.R.CIV.P.] 6(b), where the specified period for the performance of an act has elapsed, a district court may enlarge the period and permit the tardy act where the omission is the 'result of excusable neglect.'" *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 391, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (*"Pioneer"*) (footnote omitted). Noting that "there is no indication that anything other than the commonly accepted meaning of the phrase ['excusable neglect'] was intended by its drafters," *id.,* the Supreme Court stated:

It is not surprising, then, that in applying Rule 6(b), the Courts of Appeals have generally recognized that "excusable neglect" may extend to inadvertent delays. Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, *it is clear that "excusable neglect" under Rule 6(b) is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant.*

*Id.* at 391–92, 113 S.Ct. 1489 (footnotes omitted) (emphasis added). The *Pioneer* Court also concluded that by using the term "excusable neglect," "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at 388, 113 S.Ct. 1489.

■ In providing some guidance to the courts in determining whether a failure to comply with a specified time constraint constitutes "excusable neglect," the *Pioneer* Court held that:

the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include ... the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.* at 395, 113 S.Ct. 1489 (footnote omitted).

In interpreting the "excusable neglect" standard post-*Pioneer,* the Second Circuit has held that "[t]o establish excusable neglect, ... a movant must show good faith and a reasonable basis for noncompliance. A court will also consider the degree of prejudice to the opposing party." *In re Painewebber Ltd. Partnerships Litig.,* 147 F.3d 132, 135 (2d Cir.1998) (citations omitted). Based on that standard, "a finding that the failure to comply with a filing deadline was excusable may in some circumstances be appropriate." *Canfield v. Van Atta Buick/ GMC Truck, Inc.,* 127 F.3d 248, 250 (2d Cir.1997), *cert. denied,* 522 U.S. 1117, 118 S.Ct. 1055, 140 L.Ed.2d 117 (1998); *see also Raymond v. International Bus. Machs. Corp.,* 148 F.3d 63, 66 (2d Cir.1998) ("[M]ere inadvertence, without more, can in some circumstances be enough to constitute 'excusable neglect' justifying relief under Rule 6(b)(2)."); *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 382 (9th Cir.1997) ("[A]lthough a late filing will ordinarily not be excused by negligence, that possibility is by no means foreclosed.") (footnote omitted). Thus, the import of these cases indicates that the *Pioneer* Court "established a more liberal standard for determining whether there had been 'excusable neglect.'" *United States v. Hooper,* 43 F.3d 26, 28 (2d Cir.1994).

■ In the present case, Defendants moved for an enlargement of time to file their answer within one week after being notified by this Court that service was complete and the time to file an answer had expired.[7] Such efforts tend to demonstrate that Defendants acted in good faith in seek-

---

7. In light of the instant motion, Defendants are deemed on notice of the complaint and, there-

fore, service is complete.

ing an enlargement of time under Rule 6(b). Given the preliminary stage of the present litigation and Defendants' prompt action to resolve the alleged discrepancies surrounding the service of the complaint and answer, it is unlikely that Plaintiff can demonstrate prejudice resulting from Defendants' inaction or any adverse consequences that would potentially impact on this Court's proceedings. *See, e.g., Georgopolous v. International Bhd. of Teamsters, AFL—CIO,* 164 F.R.D. 22, 23 (S.D.N.Y.1995). Moreover, an entry of default that might follow from the Court's denial of Defendants' request for an extension of time to file an answer would be "merely technical," *Moriani v. Hunter,* 462 F.Supp. 353, 355 (S.D.N.Y.1978), and, thus, it would be within this Court's discretion to deny a motion for default judgment on that basis. *See Sony Corp. v. Elm State Elecs., Inc.,* 800 F.2d 317, 319 (2d Cir.1986) (collecting cases). Based on these factors and the totality of the circumstances present in this case, the Court finds that Defendants have established "excusable neglect" and, thus, are entitled to an enlargement of time under Rule 6(b) to file their answer. The Court notes, however, that its decision should not be viewed "as a license to disregard the requirements imposed by the Federal Rules of Civil Procedure . . . [or] the Local Rules [of the Northern District of New York]." *Georgopolous,* 164 F.R.D. at 24.

### III. Conclusion

For the foregoing reasons, it is hereby

**ORDERED,** that Defendants' motion to dismiss the Complaint pursuant to FED. R.CIV.P. 12(b)(2) and (4) is **DENIED;** and it is further

**ORDERED,** that Defendants' motion for an enlargement of time to serve and file an Answer pursuant to FED.R.CIV.P. 6(b) is **GRANTED.** *Defendants are directed to serve and file their Answer within fourteen (14) days of the date of this order.*

**IT IS SO ORDERED.**