Diane F. COLEMAN, James Coleman, Ayesha Abdulazeem, Margaret Goodman, Gloria Goodman, Kelly O'Grady, Jose Panzardi and Laney Evans, Plaintiffs,

v.

CRANBERRY BAYE RENTAL AGENCY, Nancy Shepard, Bradley R. Shepard and Barbara R. Carr, Defendants.

No. 5:99–CV–321.

United States District Court, N.D. New York.

Aug. 13, 2001.

Office of Ronald L. Van Norstrand, Ronald L. Van Norstrand, Esq., of counsel, Syracuse, NY, for Plaintiffs.

Mingolelli & Kurtz, Victor D. Berger, Esq., of counsel, Syracuse, NY, for Defendants Cranberry Baye Rental Agency and Bradley R. Shepard.

Primo, Primo & Kirwan, LLP, Terry J. Kirwan Jr., Esq., of counsel, Liverpool, NY, for Defendant Nancy Shepard.

## MEMORANDUM–DECISION AND ORDER

MORDUE, District Judge.

## INTRODUCTION

In this action claiming discrimination in housing rental based on race, national origin and/or family status, defendant Nancy Shepard moves to dismiss the complaint on the grounds of failure of timely service, Fed. R.Civ.P. 4(m), and failure to state a cause of action. Fed.R.Civ.P. 12(b)(6).

## BACKGROUND

The complaint claims as follows. Defendant Cranberry Baye Rental Agency ("Cranberry Baye") is a real property rental agency conducting business in Onondaga County. Nancy Shepard is a real estate agent and owner of Cranberry Baye; defendant Bradley R. Shepard is a real estate agent and president of Cranberry Baye; and defendant Barbara L Carr is a real estate agent employed by Cranberry Baye.

Plaintiffs Diane F. Coleman, a black woman, and James Coleman, a black man, sought

to rent residential property in Onondaga County. Plaintiffs Ayesha Abdulazeem, Margaret Goodman and Gloria Goodman are black women who sought to rent residential property in Onondaga County. Plaintiff Kelly O'Grady, a white woman, and plaintiff Jose Panzardi, a black/hispanic man, sought to rent residential property in Onondaga County. Plaintiff Laney Evans, an adult with four minor children, sought to rent residential property in Onondaga County. Plaintiffs claim that they have been and continue to be adversely affected by the actions, policies, and practices of defendants and their agents in wrongfully refusing to rent to them due to their race, national origin and/or family status. Plaintiffs aver that defendants concealed their discriminatory practices by such tactics as falsely stating that plaintiffs had poor credit ratings and falsely stating that certain rental units were unavailable.

The complaint seeks declaratory judgment, permanent injunctive relief, and money damages under the Fair Housing Amendment Act of 1988, 42 U.S.C. § 3601 et. seq.; Civil Rights Act of 1866, 42 U.S.C. §§ 1981, 1982; New York State Executive Law, § 296; and Fair Credit Reporting Act, 15 USC §§ 1681 et seq. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(3), (4); 2201, and 42 U.S.C. § 3613, and has authority to grant declaratory and injunctive relief. 28 USC §§ 2201, 2202; Fed.R.Civ.P. 57, 65.

## TIMELINESS OF SERVICE ON NANCY SHEPARD

Plaintiffs filed the complaint on March 2, 1999, and were required to serve all defendants within 120 days thereafter. Fed. R.Civ.P. 4(m).[1] Plaintiffs did not timely serve Nancy Shepard and Barbara Carr.

On July 20, 2000, plaintiffs applied to United States Magistrate Judge Gary L. Sharpe for an extension of time to serve Nancy Shepard and Carr. Plaintiffs relied in part on a statement by Robert H. Lavine that, when

he served process on defendant Bradley R. Shepard (Nancy Shepard's son), Lavine requested information regarding the whereabouts of Nancy Shepard and Carr. Bradley Shepard responded that he did not know the whereabouts of Nancy Shepard and refused to provide information regarding Carr.

In a letter to Magistrate Judge Sharpe in support of the application, plaintiff's counsel states the following. On July 2, 1999, plaintiffs served on Bradley Shepard a first set of interrogatories, which included requests for local addresses of Nancy Shepard and Carr. Bradley Shepard's response to the interrogatories, not served until March 20, 2000, included possible local addresses for Nancy Shepard and Carr. On June 30, 2000, plaintiffs deposed Bradley Shepard, who testified that Nancy Shepard lived somewhere in Florida. Plaintiffs obtained a Florida address for Nancy Shepard on July 19, 2000, from an investigator for the United States Department of Housing and Urban Development ("HUD"). On July 20, 2000, plaintiffs obtained Carr's address from a private investigator.

On July 23, 2000, Magistrate Judge Sharpe granted plaintiffs an additional sixty days in which to serve these two defendants. Plaintiffs served Carr on August 7, 2000, within the 60–day period. They were unable to serve Nancy Shepard, however, until October 13, 2000.

In her affidavit in support of her motion to dismiss for lack of timely service, Nancy Shepard points out that there is no claim that she attempted to evade service. She states that she was not aware of this action until she was served with process in October 2000.

In opposition to the motion, plaintiffs' counsel submits an affidavit repeating the history of events set forth in his July 20, 2000, letter to Magistrate Judge Sharpe. He further states that on August 30, 2000, subsequent to Magistrate Judge Sharpe's 60–day extension order, the process server in Flori-

---

1. Fed.R.Civ.P. 4(m) provides in part:
   Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall

dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

da advised that he was unable to serve Nancy Shepard because the address provided by the HUD investigator was for Mail Boxes, Etc. Plaintiffs immediately retained a private investigator, who conducted a search of a nationwide database and found two potential addresses in Florida for Nancy Shepard. The process server, however, could not locate her at either of these addresses. Plaintiffs' counsel obtained another possible address during a telephone conversation with the HUD investigator on September 12, 2000. After further attempts, the process server served Nancy Shepard on October 13, 2000, about three weeks after expiration of the extension period.

■ Under Rule 4(m), if plaintiff demonstrates good cause for the failure of timely service, the court must extend the time for service. If plaintiff fails to demonstrate good cause, the court may, nevertheless, extend the time for service in the exercise of its discretion. *See Blandford v. Broome County Gov't*, 193 F.R.D. 65, 68 (N.D.N.Y.2000); *Husowitz v. American Postal Workers Union*, 190 F.R.D. 53, 57 (E.D.N.Y.1999); *Lloyd v. Alpha Phi Alpha Fraternity, Inc.*, 1998 WL 236207, *2 (N.D.N.Y.1998).

■ To determine whether good cause exists, a court considers whether plaintiff made reasonable efforts to serve defendant and whether defendant has been prejudiced by the delay. *See Lloyd*, 1998 WL 236207, at *2. Where good cause does not exist, the court, in determining whether to exercise its discretion to extend the time for service, considers whether the applicable statute of limitations would bar a re-filed action; whether defendant had actual notice of the claims asserted in the complaint; whether defendant had attempted to conceal a defect in service; and whether defendant would be prejudiced by an extension. *See Blandford*, 193 F.R.D. at 68.

■ Here, Nancy Shepard claims no prejudice from the delay in service. Good cause for the delay is apparent from the extensive

efforts required to locate Nancy Shepard for service. Plaintiffs' counsel's affidavit describes three attempts to obtain information from her son, at least two contacts with an HUD investigator, contact with a private investigator who undertook a nationwide database search to locate her, and unsuccessful efforts to serve her at three different addresses in Florida. After a number of attempts, a process server served her at a fourth Florida address, about three weeks after the expiration of the extended time for service. Due to the extraordinary difficulty plaintiffs experienced in locating Nancy Shepard despite diligent efforts, the Court finds good cause for the delay in service.[2] Accordingly, the Court extends the time for service until October 13, 2000, and denies the motion to dismiss on this ground.

### DISMISSAL UNDER RULE 12(b)(6)

■ In addressing Nancy Shepard's motion to dismiss the complaint under Fed. R.Civ.P. 12(b)(6), the Court accepts as true all material facts alleged in plaintiffs' complaint and draws all reasonable inferences in their favor. *See McEvoy v. Spencer*, 124 F.3d 92, 95 (2d Cir.1997). Dismissal is proper only where it appears beyond doubt that plaintiffs can prove no set of facts in support of their claims which would entitle them to relief. *See Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir.1994).

In support of her Rule 12(b)(6) motion, Nancy Shepard states in an affidavit:

> At all times while I was associated with Cranberry Baye Rental Agency ("Agency"), the Agency was operated as a d/b/a/ for Kell Car Corporation, a New York Corporation. As such, any business transactions involving me were transacted through and for the Agency. Assuming arguendo that the Plaintiffs' allegations are true, which I dispute, I never transacted business, nor do the Plaintiffs allege that I transacted business, in my individual name or for my individual benefit.

---

2. Even if the circumstances did not warrant a finding of good cause, consideration of the relevant factors would prompt the Court to extend the time for service in the exercise of its discretion. Although there is no competent showing

that Nancy Shepard had actual notice of the claims asserted in the complaint, she makes no claim of prejudice from the delay. Moreover, if the complaint were now dismissed, some of plaintiffs' claims would be time-barred.

By Agreement dated and executed on the 6th day of May, 1996 by and between Defendant Bradley Shepard and me, I was provided an Option to Purchase shares in Kell Car Corporation. The Option was deemed null and void as of September 29, 1998 in consideration of Fifteen Thousand Dollars ($15,000.00) paid from Bradley Shepard to me. \* \* \*

Since I received payment from the Corporation, I have had absolutely nothing to do with Kell Car Corporation or the Cranberry Baye Rental Agency.

Plaintiffs argue that, as former owner of Cranberry Baye, Nancy Shepard may be held vicariously liable for the acts of her agents; the Fair Housing Act imposes a nondelegable duty on the principal to ensure that an agent does not discriminate. *See Cabrera v. Jakabovitz*, 24 F.3d 372, 385 (2d Cir.1994); *City of Chicago v. Matchmaker Real Estate Sales Ctr., Inc.*, 982 F.2d 1086, 1097 (7th Cir.1992). Plaintiffs further contend that she may also be liable as a shareholder of Cranberry Baye for the discriminatory acts of its agents. *See City of Chicago*, 982 F.2d at 1098. Plaintiffs are entitled to an opportunity for discovery regarding the legal relationship between Nancy Shepard and Cranberry Baye.

Nancy Shepard has not demonstrated beyond doubt that plaintiffs can prove no set of facts in support of their claims which would entitle them to relief. Accordingly, her motion to dismiss under Rule 12(b)(6) is denied.

### CONCLUSION

It is therefore

ORDERED that plaintiffs have demonstrated good cause for the delay in service of the complaint on Nancy Shepard, and the Court extends the time for service until October 13, 2000, and it is further

ORDERED that the motion by Nancy Shepard to dismiss the complaint is denied in its entirety.

IT IS SO ORDERED.