**ATSI COMMUNICATIONS, INC., Plaintiff,**

v.

**The SHAAR FUND, LTD., et al., Defendants.**

**No. 02 Civ. 8726(LAK).**

United States District Court, S.D. New York.

May 17, 2004.

**80**

Maryann Peronti, Koerner, Silberberg & Weiner, LLP, New York City, for Plaintiff.

Jonathan M. Sperling, Covington & Burling, New York City, for Defendants Levinson Capital Management, Inc., and Sam Levinson.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Plaintiff moves, pursuant to Fed.R.Civ.P. 4(m), for an extension of time within which to serve defendant Sam Levinson. Levinson argues that the motion in substance is for relief from the Court's previous order of dismissal and therefore should be considered under Fed.R.Civ.P. 60(b)(1). As the Court would deny relief even if the motion properly were considered under Rule 4(m), it need not determine which rule controls.

### Facts

This action was commenced on October 31, 2002 by the filing of the complaint, which named Levinson Capital Management, Inc. ("LCM") as a defendant but not its alleged principal and the subject of this motion, Sam Levinson. Mr. Levinson first was named in the amended complaint, which was filed on March 17, 2003.

On March 18, 2003, plaintiff, with their consent, served the attorneys for LCM and Levinson with a copy of the amended complaint. Due to an oversight, they failed to deliver a summons addressed to Mr. Levinson.

On May 9, 2003, LCM and Levinson moved to dismiss the amended complaint. Insofar as the motion was brought on Levinson's behalf, it asserted, *inter alia*, that he never had been served with a summons. Had plaintiff's counsel acted diligently, they could have mooted that branch of the motion by serving Levinson with the summons at any time over several weeks. But they did not.

About six weeks later, plaintiff filed its papers in opposition to the Levinson motion. Its memorandum of law represented to the Court that it would serve Mr. Levinson prior to the expiration of the 120–day period established by FED. R. CIV. P. 4(m). But it did not do so. This was another oversight or law office error.

On March 30, 2004, the Court granted the motions to dismiss of the Levinson and Rose Glen defendants with leave to replead. The same order granted Mr. Levinson's motion to dismiss as to him pursuant to Rule 4(m) in light of plaintiff's failure to serve a summons upon him in the fourteen months following his addition as a defendant.

### Discussion

 Rule 4(m) provides that "the court shall extend the time" for service beyond the 120–day period upon a showing of "good cause." Attorney error or inadvertence does not constitute good cause.[1] Nonetheless, district courts in appropriate circumstances may grant relief under the rule notwithstanding the lack of good cause.[2] The question is whether this is a fitting case in which to do so.

In a helpful opinion, Judge Casey observed that:

"Courts will consider whether (1) the defendant had actual notice that the plaintiff

---

**1.** *E.g., McGregor v. United States,* 933 F.2d 156, 161 (2d Cir.1991); *Howard v. Klynveld Peat Marwick Goerdeler,* 977 F.Supp. 654, 658 (S.D.N.Y. 1997), *aff'd,* 173 F.3d 844, 1999 WL 265022 (2d Cir.1999) (citing *McGregor,* 933 F.2d at 160); *AIG Managed Market Neutral Fund v. Askin Capital Mgmt. LP,* 197 F.R.D. 104, 107 (S.D.N.Y.

2000); *Eastern Refractories Co. v. Forty Eight Insulations, Inc.,* 187 F.R.D. 503, 505 (S.D.N.Y. 1999).

**2.** *E.g., Henderson v. United States,* 517 U.S. 654, 662–63, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996).

had filed a claim; (2) the defendant concealed a defect in attempted service; (3) the defendant suffered prejudice as a result of plaintiff's delay; and (4) if the statute of limitations would bear the refiled action."[3]

But he made clear also that the plaintiff's diligence has an important bearing and that the preference for resolving cases on the merits "does not dictate ... that every case that [otherwise] may be time-barred will be given an extension."[4]

Here, Levinson was well aware that plaintiff had filed a claim against him. Although he did not conceal the defect in attempted service, he would suffer no unfair prejudice as a result of the delay in service. Moreover, Levinson asserts, and plaintiff virtually concedes, that the statute of limitations now has run on its claim against Levinson personally, albeit not that against LCM. Thus, a number of factors favor plaintiff. But they are not enough.

The defect in service was brought to plaintiff's attention on May 2003 when Levinson moved to dismiss the amended complaint. But plaintiff did nothing to cure the defect. It then compounded the problem by representing to the Court in June 2003 that it would effect service before the end of the 120-day period, i.e., before early September 2003. It failed to do that as well.

"[I]f the Rules are to mean anything, parties must diligently try to follow them and courts must enforce them, even if that means that cases must sometimes be finally determined on procedural grounds rather than on their substantive merits."[5] Here, plaintiff's efforts to follow the rules were grossly careless despite the deficiency being called to its attention twice. Moreover, this is not a case in which a valuable claim would be lost by compelling plaintiff to bear the burden of its own negligence. Plaintiff still has its claim against LCM, which remains a defendant in the action. Surely there has been no showing that LCM would be unable to satisfy any judgment that might be rendered against it.

Finally, the Court observes, although it does not rely upon the point, that this plaintiff has little claim on the favorable exercise of its discretion in view of its prior misconduct in this and related actions.[6]

### Conclusion

For the foregoing reasons, plaintiff's motion for an extension of time within which to serve defendant Sam Levinson is denied.

SO ORDERED.

---

**3.** *American Comm. Barge Line Co. v. Tug Joan Salton,* No. 99 Civ. 0846(RCC), 2001 WL 262724, at *3 (S.D.N.Y. Mar.16, 2001).

**4.** *Id.,* at *5.

**5.** *Mused v. U.S.D.A. Food & Nutrition Serv.,* 169 F.R.D. 28, 35 (W.D.N.Y.1996).

**6.** *See, e.g., Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC,* Nos. 01 Civ. 6600(RLC), 02 Civ. 0138(RLC), 2003 WL 21537782 (S.D.N.Y. July 8, 2003).